1    179
11   250

1    179
13   508
34*1092

FEBES et al., appellants, *v.* TIERNAN et al., respondents.

TRESPASS PRESUMED TO BE MADE WITH FORCE. The law implies that an unauthorized entry, upon the premises of another, is made with force, and no evidence of such force is required.

PLEADING — *trespass — allegation of force.* Actual force is not necessary to constitute a trespass upon land, and it is not necessary to allege, in actions in the nature of trespass, that the injury was forcible.

GENERAL VERDICT — *special findings.* A general verdict should not be set aside, unless the special finding is undoubtedly inconsistent with it.

*Appeal from the First District, Madison County.*

FEBES, and others, commenced this action in July, 1870, in the district court, to enjoin Tiernan and another from injuring their water ditch, and recover $2,500 damages for injuring said ditch, and diverting the water therefrom. The jury returned a general verdict for $200 for plaintiffs, and certain special findings. The defendants filed a motion in arrest of judgment on the verdict, because the jury did not find the defendants guilty of trespass, or the use of any force in committing any acts against the property of plaintiffs, and the special findings were in conflict with the general verdict. On August 2, 1870, the court, WARREN, J., sustained the motion, and entered judgment for defendants. Plaintiffs appealed.

WORD & SPRATT, for appellants.

There was no conflict between the general and special findings of the jury. Every material fact was found for

the appellants. The finding that there was no force should have been disregarded by the court. This issue was not submitted to the jury, and was more a conclusion of law than of fact. 1 Chit. Pl. 205 ; 1 Bouv. L. D. 535; *McDermott* v. *Higby*, 23 Cal. 489.

The law presumes that every material issue, not submitted to the jury in the special findings, was found in the general verdict. *McDermott* v. *Higby*, 23 Cal. 489.

The court erred in assuming to determine the issues without the intervention of a jury, and thereby abused its discretion, and deprived parties of their right to a trial by jury. The judgment of the court is not consistent with the verdict and findings of the jury.

H. N. BLAKE, for respondents.

This is, substantially, an action of trespass. An injunction is asked for in aid of the action. *Brennan* v. *Gaston*, 17 Cal. 373. Special findings control the general verdict when they are inconsistent. Civ. Prac. Act, § 175.

The appellants must prove that the respondents committed the injuries complained of with force. 2 Greenl. Ev., §§ 613, 621, 623. The jury finds that no force was used by respondents. Appellants, having failed to prove the gist of their action, cannot recover for injuries resulting therefrom. *Pico* v. *Colimas*, 32 Cal. 580.

The respondents have not committed any acts that will entitle appellants to a perpetual injunction. Civ. Prac. Act, § 112 ; *Sherman* v. *Clark*, 4 Nev. 142, 148 ; Verdict and Findings.

If the court below did not abuse its discretion in refusing to grant the injunction, this court will not reverse the judgment. *Slade* v. *Sullivan*, 17 Cal. 106 ; *Hicks* v. *Michael*, 15 id. 117.

KNOWLES, J. This is an action for damages sustained by appellants, on account of the wrongful entry of respondents upon their water ditch, and the tearing down of its banks, and the destroying of a dam attached thereto, and

the diverting of its waters. It is in the nature of a common-law action of trespass.

The jury rendered a general verdict for appellants. There were special issues presented to the jury, the second one of which is as follows:

"Did the defendants, or either of them, forcibly injure the ditch or dam in controversy, and divert the waters therefrom, as alleged in the complaint, and if either one of them, which one of them?"

To this the jury returned this answer: "We do not find evidence of forcible injury by either of the defendants."

The counsel for the respondents moved to set the general verdict aside as inconsistent with this special finding of the jury, and for judgment for respondents. The court sustained this motion, and judgment was entered accordingly. This ruling of the court is assigned as error.

Actual force is not necessary to constitute a trespass upon land. 2 Hilliard on Torts, 76. In every trespass *quare clausum fregit* force is implied. 1 Chit. Pl. 126. The unauthorized entry upon the premises of another is a trespass. When such a state of facts is established, the law implies that the entry was done with force, and it is not necessary to offer any further evidence upon that point. The jury found no evidence of forcible injury, yet, if they found the respondent had done the acts complained of, the law implied that they were done with force. It was always necessary, at common-law actions, to be particular in determining whether the injury was the immediate and direct result of the wrongful act complained of, or whether it resulted because or by reason of this act, for this distinction determined whether the action should be trespass or action on the case. One class of injuries was said to be forcible, and the other consequential. At common law the issue whether the injury was forcible or not was not a matter of substance, but only entertained to determine whether the action should be trespass or case. The allegation that an injury was done *vi et armis* has been, for a long time,

treated only as a formal allegation, and the absence of it only a ground for special demurrer. 1 Chit. Pl. 663, 664.

A pleading, in which it was omitted, was aided by verdict. Chit. Pl. 126, note *t.* Under our code system of practice, it is not necessary to allege that the injury was forcible. Van Santv. Pl. 290. Hence, it is not necessary to prove it.

A general verdict should not be set aside unless the special finding clearly controverts it, and is undoubtedly inconsistent with it. In this case the answer of the jury is what might be termed a negative pregnant. It does not say that the defendants, or either of them, did not do the acts complained of, but only that they do not find any evidence that they did them with force. Admitting that it was necessary that they should be done with force, no evidence was required to prove it. The law would imply it.

It may be proper to remark that there are reasons for supposing that the jury were misled by this issue presented them. If it had been told them that if the defendants cut the dam and tore down the banks of appellants' ditch without authority, the law implied that the acts were done forcibly, I apprehend there would have been no difficulty. It can hardly be supposed that a jury were so stupid as to find that the respondents did not commit the acts complained of, and yet find a general verdict against them. The only solution of this difficulty, I think, is, that the jury did find that respondents did commit the acts complained of, which the law would have implied were done forcibly, but that they did not find them accompanied *manu forti,* that is, with such force as in forcible entry and unlawful detainer.

For these reasons I think the judgment of the court below should be reversed, and a judgment entered for appellants, in accordance with the general verdict.

*Exceptions sustained.*