WELLS, APPELLANT, v. DARBY, RESPONDENT.

[Argued March 28, 1893. Decided December 20, 1893.]

FORCIBLE ENTRY AND DETAINER—*Acts constituting.*—Entering upon premises and procuring the possession thereof from the agent and servant of the party in possession by threats of arrest if he does not surrrender them within two hours is a forcible entry and detainer within section 716 of the Code of Civil Procedure defining such offense to be constituted, *inter alia*, by a peaceable entry and the turning out by force, or frightening by threats, or other circumstances of terror, the parties out of possession, and detaining and holding the same. (*Sheehy* v. *Flaherty*, 8 Mont. 365; *Febes* v. *Tierman*, 1 Mont. 179, cited.)

*Appeal from First Judicial District, Lewis and Clarke County.*

Forcible entry and detainer. Judgment was rendered for the defendant below by BUCK, J., on motion for nonsuit. Reversed.

*T. E. Crutcher*, for Appellant.

A forcible entry and detainer is a violent taking and keeping possession by one, of any lands and tenements occupied by another, by means of threats, force, or arms and without authority of law. (8 Am. & Eng. Ency of Law, 101.) The law implies that an unauthorized entry upon the premises of another is made with force, and no evidence of such force is required. (*Febes* v. *Tierman*, 1 Mont. 179; *Burt* v. *State*, 3 Brev. 413.) An entry into the possession of another against his will, however quietly it may be done, is a forcible entry in legal contemplation. (*Croff* v. *Ballinger*, 18 Ill. 201; 65 Am. Dec. 735.) If the plaintiff is in peaceable possession and the defendant forcibly enters upon him, he can maintain forcible entry and detainer though the title may be in the defendant. (*McCauley* v. *Weller*, 12 Cal. 500.) To constitute a forcible entry and detainer it is not necessary that violence and outrage upon person or property should be resorted to. If the actual possession be taken and held under circumstances which show that it will not be surrendered without a breach of the peace, it is a forcible entry and detainer. (*Childress* v. *Black*, 9 Yerg. 317; *Sheehy* v. *Flaherty*, 8 Mont. 356; *Smith* v. *Hoag*, 45 Ill. 250; *Jarvis* v. *Hamilton*, 16 Wis. 574.) The obvious aim of the statute is to prevent any man from asserting his title or right by violence. Its purpose is to defeat the occupa-

tion and possession of property by force, and to cause every man to submit to the law instead of being a law unto himself. (*Boardman* v. *Thompson*, 3 Mont. 390.) An action of forcible entry and detainer is *quasi* criminal in its nature, and is designed to prevent breaches of the peace. It does not admit of a defense of title or right of possession. The defense must be confined to actual possession. (*Parks* v. *Barkley*, 1 Mont. 517; *Boardman* v. *Thompson*, 3 Mont. 389; *Sheehy* v. *Flaherty*, 8 Mont. 369.) If the entry was either forcible or unlawful then the detention related back to the entry and became forcible. (*State* v. *Wilson*, 94 N. C. 839; *Dickinson* v. *Maguire*, 9 Cal. 46; *Davis* v. *Woodward*, 19 Minn. 174.)

*Ashburn K. Barbour*, for Respondent.

It was not shown that the possession was taken by peaceable entry and turning out by force or threatening by threats or other circumstances of terror the party or parties out of possession, and therefore a recovery could not be maintained upon that ground. Nor was the entry made in the temporary absence of the party or parties in possession; as the plaintiff was there present by his agent at the time the possession was taken. Even if the presence of the servant was not his peaceable possession, then it cannot be maintained. (*Hammel* v. *Zobelein*, 51 Cal. 532; *Barlow* v. *Burns*, 40 Cal. 351.) There is no evidence of any force being used in detaining the possession of this property, or of any demand being made for its possession by the appellant. Even had there been a forcible detainer, plaintiff could not recover. (*Potter* v. *Mercer*, 53 Cal. 674.) One who enters peaceably and in good faith under a claim of title, is not liable for an unlawful detainer, even if he resists the entry of the prior possessor. (*Conroy* v. *Duane*, 45 Cal. 598.) The declaration of defendant to plaintiff that he will not go off the premises unless put off by force or by law, does not constitute a forcible detainer. The mere surmise of the party that if he attempts to regain possession, force will be used to prevent it, is not enough to show a forcible detainer; but an attempt must be made to regain possession, and either force or threat of force used to resist it. (*Hodgkins* v. *Jordan*, 29 Cal. 577.) "The statute does not include every entry upon

lands, or every trespass." (*Sheehy* v. *Flaherty*, 8 Mont. 369.) No force was shown or exhibited in obtaining possession of the premises in question. The respondent declared his intention simply to resort to legal process to put appellant's agent out of possession. There was no breach, or threat of breach, of the peace, or threatened bodily harm or injury, or any exhibition of arms or other circumstances of terror. Therefore appellant failed to prove his case. (*Preston* v. *Kehoe*, 15 Cal. 315; *Thompson* v. *Smith*, 28 Cal. 527; *McMinn* v. *Bliss*, 31 Cal. 122; *Peacock* v. *Leonard*, 8 Nev. 84; *Jarvis* v. *Hamilton*, 16 Wis. 574; *Parks* v. *Barkley*, 1 Mont. 517.) In all cases there must be something more than a mere trespass upon the property. (*Castro* v. *Tewksbury*, 69 Cal. 568; *Wilbur* v. *Cherry*, 39 Cal. 660.)

PEMBERTON, C. J.—This is an action of forcible entry and detainer.

In the trial of the cause in the court below, at the close of the testimony on the part of plaintiff, the defendant moved for a nonsuit on the ground "that the said plaintiff has failed to prove a sufficient cause to entitle him to a judgment herein, inasmuch as he has failed to prove a forcible or unlawful entry of the premises in question."

The court sustained the motion, and entered judgment in favor of defendant for costs. From this action of the court this appeal is prosecuted.

The evidence in the case is substantially as follows:

Plaintiff had been in possession of the premises (the title to which seems to be in dispute) since 1878, having built houses, fences, stables, etc., thereon, and occupied the same until the twenty-seventh day of April, 1892, when he found the defendant in possession of the same; that he found his furniture moved out and stored in an outhouse, and that the defendant and his family forbade him to further occupy or use the premises; that William Crosswright was plaintiff's hired man in possession of the premises on the twenty-seventh day of April, 1892. William Crosswright, as the agent and hired man of plaintiff, was in possession of the premises on the twenty-seventh day of April, 1892, when the defendant came and,

after showing some papers, demanded possession of the premises of Crosswright. Crosswright declined to surrender the possession thereof until he could see the plaintiff. The defendant then said to witness that he would have him arrested in two hours if he did not give up possession. Witness says he would not have given up the possession but for the threat to have him arrested until he had seen and informed plaintiff. Witness says he gave up the premises on account of said threat; that he did not want to get mixed up in the matter; that it was not his fight; that under these circumstances he left the premises, surrendering the possession thereof to defendant.

Our statute, section 716, first division, Code of Civil Procedure, defining forcible entry and detainer, is as follows:

"SEC. 716. No person or persons shall hereinafter make any entry into lands, tenements, or other possessions, or by entering upon any gulch, mining claim, or quartz lode mining claim, or other mining claim, in the temporary absence of the party or parties in possession, or by entering peaceably and the turning out by force, or frightening by threats, or other circumstances of terror, the party or parties out of possession, and detain and hold the same. In every such case the person so offending shall be deemed guilty of a forcible entry and detainer within the meaning of this act."

Did the acts and language of defendant tend to prove a forcible entry and detainer under this statute? Were the language and acts of defendant toward Crosswright calculated to frighten him or place him in terror? If so, was it by the use of such means that the defendant obtained the possession of the premises? If so, the defendant was guilty of such acts as are denounced by the statute as constituting a forcible entry and detainer.

In *Sheehy* v. *Flaherty*, 8 Mont. 365, the court says: "We are not to be understood as declaring that there must be actual physical force, or an actual or threatened breach of the peace, in order to make an entry made in the presence of one in possession a forcible entry."

We think the evidence tends to prove that the defendant entered upon the premises and took possession "without the consent and against the will of the party in possession." The

witness, Crosswright, swears that he would not have given up the possession but for the threat of defendant to have him arrested in two hours.

We think the evidence tends to show that defendant's entry upon the premises in question was unauthorized.   In *Febes* v. *Tiernan*, 1 Mont. 179, the court, speaking through Mr. Justice Knowles, say: "The unauthorized entry upon the premises of another is a trespass.   When such a state of facts is established, the law implies that the entry was done with force, and it is not necessary to offer any further evidence upon that point."

We think the evidence tends to show that the defendant's entry upon the premises in question was unauthorized; that he turned out of possession the party in possession by threats, and placing him in terror of arrest, and thereby obtained possession.

If the evidence tended to prove these facts, it tended to establish the allegations of the complaint.   In determining the motion for nonsuit, the court should have deemed *proved* whatever material allegations the evidence *tended to prove.*   We think the court erred in sustaining the motion for nonsuit.

The judgment is therefore reversed.

*Reversed.*

HARWOOD and DE WITT, JJ., concur.