## W. W. Manspeaker v. The Bank of Topeka.

### No. 143.

1. Petition and Præcipe — *no Signatures — Amendment.*
Where a petition and a præcipe for summons are filed with the clerk of the court, neither of which is signed by the plaintiff or his attorney, the defect is merely formal, and the party should be allowed to correct by amendment. The defect is purely technical and does not affect the substantial rights of the party. (Code, § 140.)

2. ———— *New Service Unnecessary.* Such defects do not oust the court of its jurisdiction where a summons has been issued by the clerk and personally served upon the defendant. Upon amendment being made, no new summons need be issued or served, and the action will be held to have been begun at the date of the issuance of the original summons.

Memorandum.—Error from Shawnee circuit court; J. B. Johnson, judge. Action by The Bank of Topeka against W. W. Manspeaker on a promissory note. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein, filed December 3, 1896, states the material facts.

*Edwin A. Austin,* for plaintiff in error.

*David W. Mulvane,* for defendant in error.

The opinion of the court was delivered by

Gilkeson, P. J. : The Bank of Topeka filed a petition without signature of plaintiff or attorney, and also a præcipe for summons in like condition. The clerk of the court issued summons, which was personally served upon the defendant, and thereupon defendant filed the following motion :

"Comes now said defendant, appearing specially for the purpose of this motion only, and moves the court : (1) To set aside and to quash the summons and the service thereof for the reason that the same

was not issued in pursuance of a written præcipe filed by the plaintiff; (2) to set aside and to quash the summons and the service thereof for the reason that the same was not issued upon any petition filed in the office of the clerk of this court; (3) objecting to the jurisdiction of this court, to set aside and to quash the summons herein and the service thereof and to strike said cause from the docket of said court for the reason that no petition, præcipe or other proper and sufficient pleading by the party or its attorney has been made, signed or filed sufficient to give this court jurisdiction of the case.''

The court overruled the motion and permitted the plaintiff to amend its petition by signing the same, and then rendered judgment by default for the amouut asked, without new service.

The first error alleged is, that no written præcipe was filed with the clerk of the court.

While we might concede that the præcipe was informal we cannot say that none was filed, and if there had not been, we could not say that it affected the jurisdiction of the court.

''The issuing of summons by the clerk of district court without a præcipe is not an error of which the defendant can complain. . . . It is true that it was the duty of the plaintiff to file a præcipe with the clerk, and until he did so the clerk might have refused to issue a summons and been excused therefor. But as the clerk in this case proceeded to issue the summons required by law, with the proper indorsements thereon setting forth the amount of the plaintiff's claim, we are unable to see how the defendant could be at all prejudiced by the failure of plaintiff to file a præcipe.'' (*Goff v. Russell*, 3 Kan. 212, 214.)

In the case at bar a præcipe was filed, but not signed by the attorney or plaintiff. The statute does not require the præcipe to be signed. Would not a præcipe written upon the back of a petition, without

signature, and filed with the petition, be a compliance with the statute? We think so.

For a second error, it is alleged that the petition filed was not signed by the plaintiff or its attorney.

The code (§ 87) provides: "The petition must contain: *First*, the name of the court, and the county in which the action is brought, and the names of the parties, plaintiff and defendant, followed by the word 'petition.'" In *Butcher v. Bank of Brownsville*, 2 Kan. 70, the court held:

"The action of the court in permitting the party to amend by inserting the word 'petition,' which had been omitted, was so manifestly correct that we need not argue it. By the code it is made necessary that the word shall follow the names of the parties to the suit in the caption. When omitted, the court should allow an amendment at any time without delaying the suit, and ought not to sustain a motion to strike it from the files without first at least giving an opportunity to amend. . . . We do not happen to see how it would affect the substantial rights of the adverse party whether the amendment was made or not."

Section 107 of the code is not any stronger: "Every pleading, in a court of record, must be subscribed by the party or his attorney." We think that a failure to sign would be a mere formal defect, which could be corrected by amendment. If it is an error, it is purely technical and does not affect the substantial rights of the party. "The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." (Code, § 140.) The defects in the præcipe and petition do not oust the court of its jurisdiction. It certainly had jurisdiction of the subject-

matter of the action and acquired jurisdiction of the person of the plaintiff by the service of the summons. If no motion had been filed, and the court had rendered judgment with the petition and præcipe in the condition they originally were, the judgment could not be reversed. (Code, § 140.)

For a third error, it is alleged that new service should have been obtained after the amendment and before judgment was rendered. We cannot agree with counsel in this contention. Where the amendment was formal, and the defendant could derive no benefit from a service of summons after the amendment, such service was unnecessary. That these amendments were formal we have decided. What benefit could the defendant derive from the service of a new summons? None. The summons served gave him the same information he would have received if the præcipe and petition had been signed, and he would have received no more by the service of a new one. He was informed by whom he had been sued, the amount claimed, and the time required for his answer. We think the rule laid down by the supreme court of Nebraska is correct and peculiarly applicable to this case:

"Upon the amendment of a petition, where the identity of the causes of action is preserved, and the claim of plaintiff not substantially changed, no new summons need be issued nor served, and the action will be held as commenced at the date of the issuance of the summons in the case." (*National Bank v. Bollong*, 45 N. W. Rep. 164.)

In the above case, Cobb, C. J., in delivering the opinion of the court, says:

"Doubtless there is an abstract rule of reasoning by which it may be contended that a petition which falls short of the requirements of the law is not a peti-

⸻ion; but a rule of that severity does not prevail in the interpretation of the statutes, and especially of the statute of amendments to pleadings in civil actions, which owes its existence to a necessity for the application of liberal rules in the furtherance of justice.''

From an examination and a comparison of the amended petition with the original, it does not appear that any new cause of action was set up; hence, it is held that the amended petition is consubstantial with the original in inception and filing, that the action was in law commenced with the service of the summons, and that no alias summons, following the amended petition, was necessary.

We fail to see any error in the record. The judgment of the district court will be affirmed.

All the Judges concurring.