E. W. WILSON v. F. A. CAMPBELL.

No. 14,862   (88 Pac. 548.)

SYLLABUS BY THE COURT.

1. FORCIBLE ENTRY AND DETAINER—*Amendment of Complaint.* A complaint in an action of forcible entry and detainer which alleges an "unlawful entry" may be properly amended so as to aver an "unlawful and forcible entry."

2. ———— *Dispossession Must Be by Due Course of Law.* One in the peaceable possession of real property may not be turned out unlawfully or by force, even by an owner entitled to possession; it can only be done by due course of law.

3. ———— *Acts Sufficient to Constitute a Forcible Entry.* A person was in the peaceable possession of a building which contained furniture and other goods. He locked the doors and temporarily left the premises for a few hours, and during his absence, and against his will, a number of men acting for the owner of the building invaded the premises, unlocked the doors, detached and removed the articles with which the building was furnished, carried them to and stored them in another building, and then forcibly maintained the possession so gained. *Held*, to be sufficient to constitute a forcible entry.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed January 5, 1907. Affirmed.

*Ferry & Doran,* for plaintiff in error.

*W. F. Schoch,* and *Lee Monroe,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action of unlawful and forcible entry and detainer. F. A. Campbell leased a hotel or residence building, a refectory and pagodas in Vinewood Park from E. W. Wilson for the park season of 1904, beginning about April 15 and ending about November 15, with the option of continuing the contract for the season of 1905 if the conduct of the business should prove satisfactory to Wilson. Under the lease Campbell furnished and equipped the hotel and other buildings and conducted the business during

the season of 1904, and then left the buildings so furnished and equipped in the care of his agent, Shick, who lived in the hotel and guarded the property. Near the end of the season a general notice to terminate the lease was given by Wilson to Campbell, but there was no statement that his conduct of the business was unsatisfactory nor any reason given why he should not have the benefit of the option to continue for another year. He remained in possession of the buildings until Sunday, March 12, 1905, when a number of men acting for Wilson invaded the premises in the absence of Campbell and Shick, his agent, detached and carried out his furniture and fixtures, loaded them on a car and brought them to the city, where they were placed in a warehouse.

The doors were locked when Shick left the buildings on that day, and when he returned he found that the doors had been unlocked, the carpets taken up and the furniture and fixtures removed, some of which had been already loaded upon a car and a part of which was lying outside upon the ground. Afterward there was a strife between the parties to gain and regain possession, including some injunction proceedings. Campbell did regain a scrambling possession of one building, but subsequently lost it to Wilson, and thereupon the present proceeding was brought. He filed a complaint in the court of Topeka, alleging that the defendant "unlawfully entered" the premises and "unlawfully and forcibly detains said premises." After the appearance of the parties, and after the plaintiff had produced his evidence in that court, he was permitted to amend the complaint by alleging an unlawful *and forcible* entry. The extent of the amendment was to add the words "and forcible" to the allegation of an "unlawful" entry. The trial resulted in a judgment for the defendant, and the plaintiff appealed to the district court, where he was successful.

It is first contended that the district court was not

authorized to try the case on the amended complaint alleging an "unlawful and forcible entry," when the original complaint only alleged an "unlawful entry." The amendment was permissible.    In one sense the term "unlawfully entered" is broad enough to include a *forcible* entry.    But assuming that it is defective, the theory of the code is that defects in pleadings may be cured by amendments, and judgments have been reversed because the trial court would not permit defects in such complaints to be amended.    (*Schuster v. Gray,* 8 Kan. App. 222, 55 Pac. 489.)    In *Packing Co. v. Howe,* 68 Kan. 663, 75 Pac. 1014, the manner in which such a complaint is considered was before the court, and it was said:

"The proceeding, however, is a summary one for the speedy adjustment of controversies about possession, and, as it is cognizable before justices of the peace not familiar with pleading, it would indicate that it was never intended that the strict and technical rules of pleading should be applied to complaints in these actions."  (Page 666.)

It is next argued that as the lease had expired Wilson, the owner, was entitled to occupy his property, and that having gained possession he was entitled to retain the same even by force.  If the owner entitled to possession can legally obtain it he may undoubtedly hold the same, but he has no right to resort to unlawful and forcible means to gain possession.    The remedy of forcible entry and detainer is provided so that possession of real property may be obtained in a judicial and orderly way and without resorting to violence or steps likely to provoke a breach of the peace.    Having this remedy, no one is permitted to vindicate his claimed rights with his own hand.    (*Campbell v. Coonradt,* 22 Kan. 704.)

It is said that Wilson's men in gaining an entrance and dispossessing Campbell did not exercise such force as is necessary to render this remedy available.    While

the action of forcible entry requires that the entry and ouster shall be forcible, no great degree of force or of personal violence is required to be used or threatened to constitute a forcible entry. There was no lack of force, however, in dispossessing Campbell. There was a considerable display of force, too, as a number of men acting together invaded the premises, opened the buildings, and threw the goods out. They took advantage of the absence of Campbell and his agent, and hence there was no more resistance to the entry than locked doors afforded. While little force was required to unlock the doors, considerable force was exercised in detaching and removing the furnishings and fixtures in the buildings, and force was used in the effort to keep him out. In *Burdette v. Corgan,* 27 Kan. 275, it was said:

"But even where an entry is made in the absence of the party entitled to the possession, and afterward he appears, and the party making the entry keeps him out of possession by force—this is sufficient to authorize the party entitled to possession to maintain the action of forcible entry and, detainer against the wrong-doer." (Page 285.)

It has been held that every unlawful entry upon the possession of another is in the eye of the law a forcible entry, and that where possession surreptitiously obtained is maintained by force the entry will be considered forcible. (*Burt v. State,* 2 Tread. [S. C.] 489.) Without giving unqualified approval to that rule, it is enough for the present case that the unlawful entry was accompanied by some force; that it was maintained by force, and was of such a character that under our authorities Campbell was entitled to avail himself of the remedy of forcible entry and detainer. (*Campbell v. Coonradt,* 22 Kan. 704; *Coonradt v. Campbell,* 25 Kan. 227; *Burdette v. Corgan,* 27 Kan. 275. See, also, *Cathcart v. Walter,* 14 Mo. 17; *Febes v. Tierman,* 1 Mont. 179.)

The court rightly told the jury that not even an ·

owner has a right forcibly to take real estate from the peaceable possession of another, no matter how justly he may be entitled to it, and that if Campbell was in the peaceable possession of the premises, and Wilson's men entered the premises when the doors were locked and removed his goods during his absence and against his will, and while his possession continued, it would constitute a forcible entry under the law of this state. The action of forcible entry and detainer brought to obtain the possession so wrested from Campbell cannot be regarded as a moot case. Assuming that the testimony of the plaintiff was true, as the jury must have found, Wilson was not justified, whatever right he may have had in the premises, in taking forcible possession of the same. It has been said:

"One great object of the forcible entry act is to prevent even rightful owners from taking the law into their own hands and attempting to recover, by violence, what the remedial process of a court would give them in a peaceful mode." (*Mitchell v. Davis*, 23 Cal. 381, 384.)

The law of the case was fairly presented in the instructions given by the court, and no grounds are found for reversal.

The judgment is affirmed.