**SHADE v. MILLER et al.**

No. 18118.     Opinion Filed May 22, 1928.

(Syllabus.)

**1. Pleading—Discretion of Court in Allowance of Amendments in Furtherance of Justice.**

The discretion allowed a trial court by section 318 C. O. S. 1921, in permitting amendments to pleadings, either before or after judgment, in furtherance of justice, was obviously intended to enable the court to ascertain what would be justice, in a given case, and to administer justice in the premises, and was never intended to authorize a

trial court to defeat justice by rejecting an amendment which on its face shows that justice would have been aided by permitting same to be filed.

### 2. Deeds—Appeal and Error—Reversible Error in Disallowance of Amendment to Petition in Action for Cancellation of Deed for Fraud.

In an action to cancel a deed alleged to have been obtained through fraud, where plaintiff's petition seems insufficient to clearly admit of necessary proof of the fraud, and plaintiff seeks to amend such petition so as to directly connect the defendant with participation in the fraud, and to specifically allege the particular acts of defendant which brought about the fraud and thereby render evidence of same clearly admissible, it is reversible error for the trial court to reject such amendment when same does not substantially change the nature of the cause of action.

### 3. Same—Reversal of Judgment.

Where a trial court rejects an amendment which upon its face, taken in connection with the entire record, shows that justice was evidently defeated by the rejection of same, the judgment will be reversed.

Error from District Court, Cherokee County; J. T. Parks, Judge.

Action by Jennie Shade against J. R. Miller and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

A. P. Carr and J. P. Devine, for plaintiff in error.

Vance & Bliss, for defendants in error.

HARRISON, J. This was a suit to cancel an alleged fraudulent deed to certain tracts of land described in plaintiff's petition and situated in Cherokee county.

The plaintiff in error, Jennie Shade, brought the suit against J. R. Miller, who held the purported deed which she sought to cancel, and joined her husband, Henry Shade, as a codefendant, because of his participation in the alleged fraud in the execution of the deed. She alleged, in substance, that she owned the land in question, that she had inherited same from her deceased mother and sister, she having been adjudged to be the sole heir to their estates, and that said land had been appraised by order of the county court and valued at $6,000, about two years previous to the filing of this suit. She alleged, in effect, that the deed in question had been obtained by forgery and fraud, without her knowledge or consent, and that she had received no

consideration whatever for her land. That she had not signed the deed and had no knowledge of the existence of such a deed until about two months previous to filing this suit, when, upon going from her home in Osage county to her land in Cherokee county for the purpose of re-leasing her land and collecting unpaid rents she learned for the first time that defendant, J. R. Miller, was occupying her land and claiming same under the alleged fraudulent deed. That as soon as she learned that her land had been fraudulently deeded away, she filed this suit for the cancellation of said deed. Before the trial of the case began she asked leave to file an amended petition, which more fully and directly connected defendant Miller with the fraud, and more fully and specifically stated the acts of fraud participated in by said Miller.

The court refused to grant leave to file the amended petition, and she was forced to trial on her original petition; then, when she attempted to prove the specific acts of defendant Miller which brought about the fraud and procured the forgery of the deed, the court rejected all such testimony on the ground that the original petition was not sufficiently definite and certain to connect Miller with the fraud, although the trial judge had denied leave to file the amended petition, which specifically charged Miller, not only with direct connection with the fraud, but also with being the moving force in bringing about the fraud. She offered in evidence county court records and other documentary evidence which tended to directly connect defendant Miller with the fraud, all of which were rejected by the court; and, after the close of such testimony as the court permitted her to introduce, the court rendered judgment in favor of defendant Miller, and forclosed plaintiff of all rights to the land. Whereupon plaintiff appealed to this court, alleging some 15 separately specified errors, the decisive proposition involved in all of which is the error of the court in refusing to grant plaintiff leave to file her amended petition.

On the subject of amendments of pleadings, section 318, C. O. S. 1921, provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts

proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

This section was clearly designed to aid in the furtherance of justice, and our court has universally held that under said section the trial court is vested with a wide discretion in permitting amendments in furtherance of justice, but no decision of this court has been called to our attention, and we have been unable to find any, which tends to sustain the trial court in rejecting an amendment which would evidently aid in furtherance of justice, and to reject which would evidently defeat justice. The discretion allowed by the above section is to enable the court to ascertain and administer justice, not to defeat justice. It was never intended to permit trial courts to defeat justice by rejecting an amendment which on its face shows that justice would have been aided by permitting such amendment.

The Supreme Court of the United States, in United States v. Lehigh Valley Ry. Co., 55 L. Ed. 458, reversed the Circuit Court of the United States for the Eastern District of Pennsylvania. The concluding paragraph of the opinion, written by Mr. Chief Justice White, is as follows:

"Deciding, as we do, that error was committed in denying leave to file the proposed amended bill ,the decree below is reversed and the cause remanded, with directions for further proceedings in conformity with this opinion."

In Schuster v. Gray (Kan.) 55 Pac. 489, the judgment of the trial court was reversed for refusing to permit plaintiff to amend his complaint. The Kansas court in the above case had under consideration a section of the Kansas Code identical with section 318, supra, of our Code, which was adopted from the Kansas Code. And the holding in Schuster v. Gray, supra, was indorsed and the case cited by the Kansas Supreme Court in Wilson v. Campbell, 88 Pac. 548.

Not deciding whether the original petition or the amended petition was sufficiently definite and certain to technically justify the admission of testimony tending to directly connect defendant Miller with the fraud, yet plaintiff's petition did definitely allege a fraud, a gross repulsive fraud, sufficient to make clear to the trial court that such a fraud had been perpetrated upon her and that justice demanded that she be allowed to so amend her petition as to directly and specifically connect the perpetrators of such fraud.

Hence, in view of the record as presented here, and in view of the authorities above cited, we hold that the trial court committed reversible error in refusing to permit plaintiff to file her amended petition.

The cause is therefore reversed and remanded, with directions to allow such further proceedings as are consistent with the views herein expressed.

MASON, HUNT, LESTER, RILEY, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 31 Cyc. pp. 373, 408; 21 R. C. L. p. 572; 3 R. C. L. Supp. p. 1170; 4 R. C .L. Supp. p. 1421; 5 R. C. L. Supp. p. 1164; 6 R. C. L. Supp. 1274; 7 R. C. L. Supp. p. 714. (2) 4 C. J. p. 1165, §3183