### SANFORD v. STREET, Adm'r, et al.

No. 26426.   Nov. 10, 1936.

P. A. M. Hoodenpyl and E. J. Gilder, for plaintiff in error.

A. D. Cochran, E. T. Noble, John L. Norman, and Kenneth H. Lott, for defendants in error.

PER CURIAM. The material facts in this case on the determinative issue are that a petition and amended petition to quiet title were filed under the direction of plaintiff signed only by an attorney who had been suspended for nonpayment of dues at the time the petitions were filed. Answers, some of which included cross-petitions, were filed, and later these answering defendants moved to dismiss the plaintiff's original petition and amended petition, alleging that they are a nullity and have no legal force or effect because not signed by plaintiff in person or by an attorney authorized to practice law in Oklahoma. The suspended attorney was reinstated at the time the motions to dismiss came on for hearing. At this hearing the defendants dismissed their cross-petitions without prejudice, and plaintiff moved for leave to amend her original and amended petitions by having her name subscribed thereto by her attorneys, which motion was denied and plaintiff saved exception. The motion of defendants to dismiss plaintiff's petition and amended petition was then sustained, and the petitions dismissed without prejudice, and plaintiff saved an exception. The question now to be considered is whether the court erred in denying plaintiff's request for leave to amend her original and amended petitions by having her name subscribed thereto, and in sustaining the motions of defendants to dismiss the petitions.

The question whether there was error in sustaining the motion to dismiss depends upon whether or not there was reversible error in denying plaintiff's motion for leave to amend by having her name subscribed to the petitions.

This court has approved and followed the holding in Manspeaker v. Bank of Topeka, 4 Kan. App. 770, 46 P. 1012, that where a petition was filed which was unsigned, after summons was issued thereon, the attorneys were properly permitted to amend the same by fixing their signatures thereto, and that no new summons need be issued; that failure to sign being purely a technical error which could be amended. In Home Savings & Loan Ass'n v. Sullivan, 140 Okla. 300, 284 P. 30, this court, after referring to the holding in the Kansas case, said:

"We believe the same rule should be applied to motions for a new trial. The failure to sign is purely technical, and we believe the court has power to permit the signature after the time for filing the motion has expired, and, when so signed, dates back to the time of the filing of the motion."

We fail to see any distinction between an unsigned petition and a petition the signature to which is a nullity. However, we do not hold that the signature to a pleading of an attorney who has been suspended for nonpayment of dues is a nullity; this being a matter merely assumed, but not here determined.

The discretion vested in the district court by Oklahoma Statutes 1931, section 251, to permit the amendment of any pleading in the furtherance of justice, does not authorize the court to defeat justice by rejecting an amendment which on its face shows that justice would have been aided by permitting same to be made. Shade v. Miller, 131 Okla. 23, 267 P. 626. The plaintiff should not be penalized unnecessarily because she unknowingly engaged an attorney to file this action who had been suspended for nonpayment of dues. We have the further consideration in this case that before the dismissal answers had been filed by the de-

174

fendants who moved to dismiss. Where it appears from the record that justice was defeated by the rejection of an amendment, the judgment will be reversed. Shade v. Miller, supra.

Plaintiff also sought and was denied permission to file a second amended petition, defendants contending that it constituted a departure. This pleading sought primarily to quiet plaintiff's title as against additional parties coming into the action and the chain of title since the original petition was filed, and to that extent was a supplemental petition. The court should not be astute to detect a departure under these circumstances in a suit in equity to quiet title.

Defendants contend that the order of dismissal without prejudice was not a final order from which appeal would lie, since it left the plaintiff free to commence a new action. We cannot agree with this contention. The order concluded plaintiff from proceeding further in the trial court in the same action.

The order of dismissal is reversed and this action remanded to the trial court, with directions to proceed in accordance with this opinion.

The Supreme Court acknowledges the aid of Attorneys A. B. Honnold, Summers Hardy, and T. W. Arrington in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Honnold and approved by Mr. Hardy and Mr. Arrington, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, PHELPS, and GIBSON, JJ., concur. RILEY, WELCH, and CORN, JJ., absent.