**CITY OF OKMULGEE, Oklahoma,**
**Plaintiff in Error,**

**v.**

**David BERRYHILL, by and through his father and next friend, Jeff Berryhill, Defendant in Error.**

**No. 37912.**

Supreme Court of Oklahoma.

Nov. 5, 1958.

George R. Inglish, Okmulgee, for plaintiff in error.

Bailey & Pitchford, By J. I. Pitchford, II, Okmulgee, for defendant in error.

DAVISON, Justice.

This action was commenced by David Berryhill, by and through his father and next friend, Jeff Berryhill, as plaintiff, against the City of Okmulgee, Oklahoma, as defendant. The parties will be referred to as they appeared in the trial court.

The defendant's general demurrer to the petition was sustained and plaintiff was allowed a specified time within which to amend. After the expiration of said time, without any amendment having been made,

defendant filed a motion for judgment. Subsequently, plaintiff's attorney endorsed upon the appearance docket that the cause was dismissed and defendant moved to strike the endorsement. Upon hearing the court sustained the motion to strike, holding that plaintiff could not dismiss without permission of the court. Thereupon, the action was ordered dismissed without prejudice and from that order defendant has appealed contending that when the plaintiff failed to amend his petition within the time allowed after the demurrer was sustained, the trial court could do nothing but "render judgment for the defendant or order a dismissal with prejudice."

We know of no case nor has our attention been called to any wherein this court has had a similar question presented for determination on a direct appeal from the order by the defendant. The cases cited and relied upon by the parties have little bearing on the precise question since they consist of those wherein each plaintiff had appealed from an order sustaining the demurrer and dismissing the action with prejudice. In all of them this court approved such a dismissal where the plaintiff elected to stand upon his petition or refused to further plead.

In the case of Sanford v. Street, 178 Okl. 172, 62 P.2d 479, the order appealed from did dismiss the action without prejudice but the appeal therefrom was taken by the plaintiff and the question for determination was whether or not the same was a final appealable order, adverse to the plaintiff. It was held to be such an order.

This appeal raises the question of authority of the trial court to make the order. In the case of Lisle v. Anderson, 61 Okl. 68, 159 P. 278, 281, L.R.A.1917A, 128, a similar order was made on motion of the plaintiff and no appeal was taken. The case was refiled, tried and appealed. In the appeal in the subsequent case, the defendant urged the same proposition as here. There are slight differences in the factual situations but the same rules of law are equally applicable. Therein the following statement by the Kansas Court in the case of Ashmead v. Ashmead, 23 Kan. 262, at page 263, was quoted and adopted:

"It will be conceded that, after the final submission of the case, the plaintiff had no right to a dismissal without prejudice. Up to that time she had such right, and could exercise it of her own option, without the consent of the defendant or the permission of the court. At that time her rights in that respect ceased. But has not the court the power in its discretion to permit a plaintiff, even after the final submission, to recall that submission, and dismiss without prejudice? It would be both strange and harsh if such power did not exist."

The sustaining of a demurrer to a petition is not necessarily a final order and that is particularly true where plaintiff is granted permission to amend or elect to stand on his petition. In the case before us the defendant recognized that fact, hence the motion for final judgment. We see no reason to depart from the rule in the Lisle v. Anderson case, supra.

Because it is not here raised, we have not considered nor do we determine whether or not plaintiff's dismissal was effective without an order of court permitting it.

The judgment is affirmed.

WELCH, C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.