**KEITHLEY EDWARDS and EDITH EDWARDS, Plaintiffs**

v.

**GERALD THOMAS GRONER and JOEL HOLT, Defendants**

Civil No. 1986/279

District Court of the Virgin Islands

Div. of St. Croix

July 30, 1987

RANDALL SCOTT JOHNS, ESQ., St. Croix, V.I., *for plaintiffs*

IRWIN J. SILVERLIGHT, ESQ., St. Croix, V.I., *for defendant Groner*

O'BRIEN, *Judge*

 

## MEMORANDUM OPINION

THIS MATTER is before the Court on the motion of defendant Gerald Groner for summary judgment. The question presented is whether a complaint signed innocently but incorrectly by a lawyer's wife nullifies the pleading so as to cause the statute of limitations to expire. We hold that it does not.

### I. FACTS

This legal malpractice case springs from the underlying matter of Edwards v. Born, Inc., 608 F. Supp. 580 (D.V.I. 1985), rev'd and remanded, 792 F.2d 387 (3d Cir. 1986) on remand 1986 St. Croix Supp. 360 (D.V.I. October 10, 1986). The facts are amply recited in the above opinions and do not bear repetition.

Keithley and Edith Edwards, husband and wife, filed this action against the attorneys they claim committed legal malpractice in the settlement of their personal injury lawsuit. On remand from the Third Circuit, after a hearing, this Court found that the settlement of their claim by their attorney, defendant Groner, was unauthorized, but we also found that they had ratified the settlement, and we fixed the date of that ratification as January 2, 1985. An appeal was filed but later withdrawn.

The lawsuit herein began December 12, 1986. A complaint against the defendant lawyers was filed and served on that date. The pleading was not signed by the Edwardses' new lawyer, however, but rather by the lawyer's wife. Likewise, the wife served the summons and complaint on the defendants, although she was not a designated process server per Fed. R. Civ. P. 4. The attorney's wife was apparently working in his office while he was on the mainland.

On December 30, 1986, both defendants moved to dismiss the complaint and quash service asserting as the basis that the complaint was not signed by an attorney per Fed. R. Civ. P. 11. Other grounds not pertinent to the matter herein were also cited.

The Edwardses' lawyer moved on January 12, 1987, to make procedural amendments. Also filed at that time was a proposed First Amended Complaint which was properly signed.

On January 13, 1987, this Court granted permission to serve the First Amended Complaint within ten days and denied the defendants' motion to dismiss the action. The defendants were then served by a designated process server.

We later entered a further order denying one of the defendants' motion to quash service of the First Amended Complaint. This took place on February 12, 1987. In the preamble to the order, we stated that we had "declared the original complaint a nullity and ordered personal service of a complaint which complied with Fed. R. Civ. P. 4 and 11." In actuality, we had never declared the originally filed complaint a nullity and our statement to that effect was incorrect.

After issue was joined and discovery undertaken, defendant Groner filed the present motion alleging that the statute of limitations had expired. He claims that the malpractice claim accrued on January 2, 1985, the date that the Edwardses ratified the unauthorized settlement. At oral argument, their counsel contended that that was the earliest possible accrual date.*

Thus, for purposes of this motion, the applicable statute of limitations expired on January 2, 1987. Consequently, this action is time barred if the Edwardses' original complaint is a nullity.

## II. DISCUSSION

At the heart of Groner's motion is the contention that the December 12 complaint is a nullity because it was signed by the malpractice lawyer's wife in derogation of the Rule 11 mandate that "[e]very pleading, motion, and other paper of a party represented by an attorney *shall be signed by at least one attorney of record* . . . ." (Emphasis added.) Relying solely on the bare language of the rule, defendant Groner concludes that the corrective pleading filed on January 12, 1987, is controlling and, therefore, this action is time barred.

We disagree. A bungled signature on a pleading is merely a technical defect and not a substantive violation of Rule 11, warranting the voiding of the complaint. E.g., Covington v. Cole, 528 F.2d 1365, 1369–70 and n.7 (5th Cir. 1976); Grant v. Morgan Guaranty Trust Company of New York, 658 F. Supp. 1528, 1531–32 n.6 (S.D.N.Y. 1986) (citations omitted). Cf., Thiem v. Hertz Corp., 732 F.2d 1559, 1562–63 (11th Cir. 1984); Becks v. Turner, 68 F.R.D. 466, 467 (E.D.N.Y. 1975). And technical defects are not

---

* In the Virgin Islands, legal malpractice is governed by a two-year statute of limitations pursuant to 5 V.I.C. § 31(5)(A). Moorehead v. Miller, 102 F.R.D. 835, 836 (D.V.I. 1984); Simmons v. Ocean, 544 F. Supp. 841, 843 (D.V.I. 1982); Ingvoldstadt v. Estate of Young, 19 V.I. 115, 127 (D.V.I. 1982). The cause of action accrues when the client knows or should know the essential facts of the cause of action. Moorehead, supra at 837 (citations omitted).

grounds for dismissal. E.g., Covington, supra at 1370 n.7 (citations omitted).

■ In this respect, the Edwardses' complaint is akin to one filed inadvertently without any signature. The law is clear that the pleading shall not be stricken unless the pleader fails to sign it promptly after being alerted to the defect. E.g., Holley Coal Company v. Globe Indemnity Co., 186 F.2d 291, 295 (4th Cir. 1950); 5 C. Wright, A. Miller, and M. Kane, Federal Practice and Procedure § 1334 (1986 Supp.); 2A Moore's Federal Practice ¶ 11.02 [1] (1986–87 Supp.).

■ There is nothing in the record to indicate that the failure to sign the malpractice complaint was an attempt to circumvent Rule 11's warrant of integrity and merit its sanctions. Rather, counsel's omission was a simple mistake and he filed an amended and technically correct pleading less than two weeks after Groner moved to dismiss the matter. We hold, therefore, that the Edwardses' malpractice suit was filed on December 12, 1986, comfortably before the asserted January 2, 1987, accrual date.

## III. CONCLUSION

In accordance with the foregoing, we hold that the plaintiffs' malpractice action was filed within the applicable statute of limitations.

## ORDER

THIS MATTER is before the Court on motion of defendant Groner for summary judgment. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, it is

ORDERED:

THAT defendant Groner's motion for summary judgment is DENIED.