(869 P.2d 766)
No. 69,721

ARCHITECTURAL & ENGINEERED PRODUCTS CO., INC., *Appellant,* v. THOMAS J. WHITEHEAD, LAWRENCE J. WHITEHEAD, CHARLES E. WHITEHEAD, JOHN HOFFMAN, and DAVE HOFFMAN d/b/a HOFFMAN-WHITEHEAD COMPANY, a Partnership, and AMERICAN CONSTRUCTION & ENERGY, INC., *Appellees.*

Petition for review denied 255 Kan. 1000 (1994).

Opinion filed March 11, 1994.

*Betsie R. Czeschin,* of Muller & Muller, of Kansas City, Missouri, for appellant.

*Christopher F. Pickering* and *Greg L. Musil*, of Shughart Thomson & Kilroy, P.C., of Overland Park, for appellees.

Before BRAZIL, P.J., LARSON and PIERRON, JJ.

BRAZIL, J.: Architectural & Engineered Products Co, Inc., (A&E) appeals from the district court's order dismissing A&E's causes of action with prejudice because A&E's petition was never signed by an attorney admitted to practice law in Kansas. We reverse and remand.

The causes of action in the instant case were originally filed by A&E on May 12, 1987, and were docketed as 87-C-4533. Upon motion of A&E's attorney at the time, 87-C-4533 was dismissed in 1989. A&E's causes of action were refiled August 14, 1989. The refiled petition reflected as attorneys of record John McNally and Dennis Muller. It also included the attorneys' respective bar numbers; however, it did not indicate whether those bar numbers were for Kansas or Missouri. McNally is an attorney duly licensed in Kansas, and Muller is licensed in Missouri.

On December 23, 1992, a pretrial conference was held. At the pretrial conference, the court and defendants' counsel learned for the first time that none of the substantive pleadings in the action had been originally signed by McNally as Kansas counsel. On the record, Muller stated (1) he had conformed the signature of McNally on the petition filed on August 14, 1989, and on A&E's unfiled brief in response to defendants' summary judgment motion; (2) he could not identify any pleadings which McNally had signed; (3) McNally had not appeared at any of the proceedings before the district court in the action; and (4) he did not know whether McNally had been informed as to when the pretrial conference was being held. At the conclusion of Muller's statements, defendants' counsel orally moved that all pleadings be stricken for lack of any original signature of a Kansas attorney and that the action be dismissed with prejudice. Muller responded that dismissal with prejudice would deny A&E an opportunity to comply with procedural requirements and would be harsh and very unjust. On December 30, 1992, defendants filed their joint written suggestions in support of their oral motions. On January 8, 1993, defendants filed their joint written motion

to strike pleadings and dismiss the action, and, on January 11, 1983, McNally filed a motion for leave to sign pleadings.

A hearing was held on January 28, 1993, and, at the conclusion, the court granted the defendants' joint motion to strike the pleadings and dismissed the action with prejudice. The court applied Supreme Court Rule 116 (1993 Kan. Ct. R. Annot. 118), K.S.A. 1993 Supp. 60-211, and Local Rule No. 3 of the Tenth Judicial Circuit. Pursuant to those rules, the district court deemed the petition filed on August 14, 1989, unfiled and stricken as it was not signed. McNally's signature was not effective because it was conformed, and Muller's signature was not effective because he is not a licensed Kansas attorney. The court involuntarily dismissed A&E's action with prejudice pursuant to K.S.A. 60-241(b). The court also denied A&E's motion to seek leave of court for McNally to sign the previously filed pleadings.

A&E contends the district court erred by dismissing A&E's causes of action and denying A&E's request for leave of court to sign the pleadings.

K.S.A. 7-104 sets forth the conditions whereby an attorney admitted to practice in another state may appear before the courts of Kansas. It states:

"Any regularly admitted practicing attorney in the courts of record of another state or territory, having professional business in the courts or before any board, department, commission or other administrative tribunal or agency, of this state, may, on motion be admitted to practice for the purpose of said business only, in any of said courts, tribunals or agencies, upon taking the oath as aforesaid and upon it being made to appear by a written showing filed therein, that he or she has associated and personally appearing with him or her in the action, hearing or proceeding an attorney who is a resident of and duly and regularly admitted to practice in the courts of record of this state, upon whom service may be had in all matters connected with said action, hearing or proceeding, with the same effect as if personally made on such foreign attorney, within this state, and such foreign attorney shall thereupon be and become subject to the order of, and amenable to disciplinary action by the courts, agencies or tribunals of this state. *No such court, agency or tribunal shall entertain any action, matter, hearing or proceeding while the same is begun, carried on or maintained in violation of the provisions of this section,* but nothing in this section shall be construed to prohibit any party from appearing before any of said courts, tribunals or agencies, in his or her own proper person and on his or her own behalf." (Emphasis added.)

Not only were the pleadings in this case not signed by a Kansas attorney, but Muller had not filed a motion for limited practice pursuant to K.S.A. 7-104 and Rule 116 allowing him to be admitted to practice for purposes of this case. As evidenced by the facts, Muller had further violated Rule 116. Although Muller associated himself with local counsel, McNally was not actively involved in the conduct of the matter or litigation. McNally did not sign all pleadings, documents, or briefs. In fact, at the hearing, Muller was not sure what McNally had signed or what he had been sent. McNally was not present at all court or administrative appearances.

However, the court did not give Muller the opportunity to comply with K.S.A. 7-104, K.S.A. 1993 Supp. 60-211, or Rule 116 before dismissing the case with prejudice.

In *Thornburg v. McClelland*, 186 Kan. 20, Syl., 348 P.2d 617 (1960), the court examined K.S.A. 7-104 and held that a failure to comply with the statute does not deprive the court of jurisdiction but only provides that the action shall not be dealt with " 'while the same is begun, carried on or maintained in violation of the provisions of this section.' " It went on to say that, if a litigant refuses to comply after notice, the court has the plenary power to strike or dismiss the pleadings of the litigant. 186 Kan. 20, Syl. We read this to mean that, once the party has notice, that party should have an opportunity to comply. Failure to give the party this opportunity to comply constitutes error.

Rule 116 uses the same language as K.S.A. 7-104, except the rule adds the language: "The Kansas attorney of record shall be actively engaged in the conduct of the matter or litigation, shall sign all pleadings, documents, and briefs, and shall be present throughout all court or administrative appearances." (1993 Kan. Ct. R. Annot. 118.)

In the instant case, Muller never fully complied with K.S.A. 7-104. Muller associated himself with a Kansas attorney; however, he never filed a motion to be admitted to practice in Kansas in the instant proceedings. Muller repeatedly violated Rule 116 by failing to have McNally sign the pleadings and by failing to keep McNally informed and actively involved in the conduct of the

proceedings. But, again, under K.S.A. 7-104 and Rule 116, the court should have given the attorneys an opportunity to comply.

K.S.A. 1993 Supp. 60-211 requires every pleading, motion, or other document to be signed by at least one attorney of record. The signature certifies the attorney has read the pleading and, to the best of the attorney's knowledge, information, and belief formed after reasonable inquiry, the pleading is well grounded in fact and is warranted by existing law. "If a pleading, motion or other paper *provided for by this article is not signed it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.*" (Emphasis added.) K.S.A. 1993 Supp. 60-211.

In *Manspeaker v. Bank of Topeka*, 4 Kan. App. 768, 46 Pac. 1012 (1896), the court held, when an unsigned petition is filed with the clerk of the court, the defect is merely formal, and the party should be given an opportunity to cure the defect by amendment. It is a technical defect and does not affect the substantial rights of the party.

K.S.A. 1993 Supp. 60-211 is modeled after Rule 11 of the Federal Rules of Civil Procedure. In *Edwards v. Groner*, 116 F.R.D. 578 (D.V.I. 1987), a pleading was signed by the plaintiffs' lawyer's wife, who was not an attorney. Defendants moved to dismiss the complaint because it was not signed by an attorney. The federal district court stated: "A bungled signature on a pleading is merely a technical defect and not a substantive violation of Rule 11, warranting the voiding of the complaint. [Citations omitted.] And technical defects are not grounds for dismissal." 116 F.R.D. at 579. Furthermore, the dismissal of a complaint without prejudice is warranted when an attorney fails to sign a complaint and fails to remedy the situation after receiving notice of the defect. *Hadlock v. Baechler*, 136 F.R.D. 157 (W.D. Ark. 1991).

Local Rule No. 3(2) of the Tenth Judicial Circuit states:

"All pleadings or other papers filed by attorneys from other states pursuant to Supreme Court Rule 116 must also be signed by an attorney licensed to practice law in Kansas. The signature of Kansas counsel shall be real and not conformed or signed by an agent. Pleadings not conforming to this rule shall be considered unsigned."

Based on the above the authority, when the court found the pleading to be unsigned, it should have given the party a chance to correct the defect.

Reversed and remanded.