## SOCKEY *et al.* v. WINSTOCK *et al.*

No. 6184.    Opinion Filed November 17, 1914.

(144 Pac. 372.)

1. **GUARDIAN AND WARD—Petition to Sell Realty—Requisites.** Under section 6557, Rev. Laws 1910, the petition of a guardian to sell the real estate belonging to his ward must state the condition of the estate, and facts tending to show the expediency or necessity of such sale, in order to give the court jurisdiction to order the sale.

2. **SAME—Judgment—Collateral Attack—Petition to Sell Realty—Jurisdiction—Validity of Sale.** When the petition filed with the county court contains facts substantially in accordance with the provisions of the statute, the court acquires jurisdiction; and, notwithstanding the proceedings may be irregular and erroneous, the judgment rendered will not be void and subject to collateral attack.

3. **JUDGMENT—"Collateral Attack."** A "collateral attack" on a judicial proceeding is an attempt to avoid, defeat, or evade, or deny its force and effect in some incidental proceedings not provided by law for the express purpose of attacking it.

4. **GUARDIAN AND WARD—Petition to Sell Realty—Sufficiency.** The petition filed by the guardian with the county court for the sale of his ward's land substantially complied with the statute, and was sufficient to confer jurisdiction on the court.

(Syllabus by the Court.)

*Error from District Court, Carter County;*
*Stillwell H. Russell, Judge.*

Action by Maggie Sockey and others, through their guardian, Chas. H. Victor, against R. M. Winstock and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

*J. A. Bass,* for plaintiffs in error.

*Sigler & Howard,* for defendants in error.

RIDDLE, J. Plaintiffs in error, Maggie Sockey, Rafe Sockey, and Ned Sockey, through their guardian, Chas. H. Victor, brought this action in the court below against defendants in error to have declared void and of no effect a conveyance of certain lands belonging to said plaintiffs, which conveyance was

made by their former guardian, J. Mat Moore, to defendant I. H. Winstock.   Plaintiffs allege in their petition that said sale was void, and conveyed no title to I. H. Winstock, defendant, who was the purchaser at said sale, and that R. M. Winstock, who afterwards purchased from I. H. Winstock, took the title to said lands subject to the defects in the original sale by the guardian; that said sale was void, because the petition or application for sale of said land stated no cause or reason why said land should be sold, and stated no facts which would give the court jurisdiction to hear and direct a sale; and that said application stated no facts under the statute authorizing or justifying a sale of said lands.   They further allege that said lands were inherited from their father, John Sockey, a Mississippi Choctaw Indian.   Defendants filed their answer, denying that the sale was void, and that the court was without jurisdiction to make the order directing the sale of said lands.   They attach to their answer the application for an order of sale, and the decree of the county court directing the sale of the lands.   Upon a trial of the cause, the court rendered judgment in favor of defendants on the pleadings, from which judgment plaintiffs prosecute this appeal.

The only questions presented for our determination are: (1) Was the petition filed in the county court by the guardian sufficient to confer jurisdiction on that court to make the order of sale?   (2) Is this a collateral attack upon the proceedings of the county court and the conveyance made in pursuance thereof?   The petition for the sale of said land, omitting description of the property, is as follows:

"Petition to sell Real Estate by Guardian.   State of Oklahoma, Carter County:   In County Court.   In the Matter of the Guardianship of Maggie Sockey, Ned Sockey and Rafe Sockey, minors:

"Comes now J. Mat Moore, as the guardian of Maggie Sockey, Ned Sockey, and Rafe Sockey, minors, and shows to the court the condition of the estate of the above-named wards, to wit:   That there is no personal property belonging to any of the above-named minors.   That the said wards own the following described real estate, to wit:   Maggie Sockey: (Description, 240 acres of land.)   Ned Sockey: (Description, 210 acres.)   Rafe

Sockey: (Description, 210 acres of land.) The annual income therefrom is one hundred dollars ($100.00) to each minor; that the annual expense chargeable against the estate of each ward for maintenance and education is approximately one . hundred and fifty dollars ($150.00), and that it is necessary that the here-inafter described real estate, which was inherited by said wards from the estate of their father, John Sockey, deceased, should be sold for the following reasons, to wit: For the education, support and maintenance of said wards, each being of scholastic age, and their lands not being sufficient to support and maintain them. (Here description of real estate.) That the next of kin and persons interested in the estate of said wards, together with their respective places of residence, are as follows: Bettie Sockey Victor, the mother of said wards and the wife of C. H. Victor, stepfather, of Sulphur, Oklahoma. Wherefore, petitioner prays the court that upon hearing had herein, he be authorized to sell the following described real estate: (Description of real estate), at private sale, such sale being more beneficial and for the best interests of said wards.

"[Signed] J. MAT MOORE. [Seal.]"

Section 6557, Rev. Laws 1910, relating to the petition of a guardian to sell his ward's real estate, provides:

"To obtain an order for such sale, the guardian must present to the county court of the county in which he was appointed guardian, a verified petition therefor, setting forth the condition of the estate of his ward, and the facts and circumstances on which the petition is founded, tending to show the necessity or expediency of a sale."

This statute requires that the petition set forth: (1) The condition of the estate. (2) The facts and circumstances tending to show the expediency or necessity for such sale. The petition in the instant case shows that plaintiffs in error have no personal property, but that they own certain real estate described in said petition, and that they are dependent upon the income from said estate for their maintenance and education, and that the income derived from said estate is insufficient for the proper maintenance and education of said wards; that each of the wards is of scholastic age, and that the income derived from said lands is insufficient to educate them properly; that said lands were inherited from their father. The petition for the sale of real estate of

wards by a guardian is required to state the purpose for which the sale is asked (*Ryder v. Flanders,* 30 Mich. 336; *Bunce v. Bunce et al.,* 59 Iowa, 533, 13 N. W. 705; 21 Cyc. 127) ; and we think the petition in this case is sufficient. It states that the sale is necessary in order to educate and maintain properly said minors.

Defendants in error urge that this is a collateral proceeding, and that this court cannot go behind the pleadings and judgment of the county court to determine whether there was a necessity for the sale of said land, in order to support and educate said wards. We think this contention is sound, since the petition filed with the county court for sale of said lands stated facts sufficient to give that court jurisdiction. Plaintiffs in error assert that this is a direct attack, and cite the case of *Brown v. Trent,* 36 Okla. 239, 128 Pac. 895, to sustain their contention. It would appear from an examination of that case that it sustains plaintiffs in error's contention upon this point. We are of the opinion that Rosser, C., incorrectly stated the rule, but properly applied the exception to the general rule in that case. The attack made on the judgment there was that it was obtained by fraud, and that the fraud had the effect to render the judgment void *ab initio.* The exception to the rule is: Where the judgment is void by reason of fraud practiced in obtaining it, and for like reasons a collateral attack may be made upon the judgment by a proceeding in equity, notwithstanding the court had jurisdiction of the proceedings resulting in the judgment attacked. By some of the authorities, it is held that this is a direct attack, but the weight of authority, supported by better reason, seems to be that it is a collateral attack, but, by reason of fraud, a collateral assault upon the judgment is permissible. 23 Cyc. 1065, states the rule as follows:

"According to some of the decisions, a suit in equity to enjoin the enforcement of a judgment constitutes a direct attack upon it; according to others, such a proceeding is collateral. But conceding the latter view to be correct, it is no objection to the maintenance of a suit for that purpose that it involves a collateral impeachment of the judgment, provided the demand for relief is based on want of jurisdiction, fraud, or some other distinctive

ground of equitable interference, although it is not permissible in such an action to review mere errors or overthrow the judgment for mere irregularities."

In 23 Cyc. 1062, 1063, it is further stated:

"The term 'collateral,' as used in this connection, is opposed to 'direct.' If an action or proceeding is brought for the very purpose of impeaching or overturning the judgment, it is a .direct attack upon it; such as a motion or other proceeding to vacate, annul, cancel or set aside the judgment, or any proceeding to review it in an appellate court, whether by appeal, error, or *certiorari,* or a bill of review, or, under some circumstances, an action to quiet title. On the other hand, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important, or even necessary to its success, then the attack upon the judgment is collateral."

We have no doubt that this proceeding is a collateral attack upon the judgment, decreeing the sale of said lands, and the conveyance executed in pursuance thereof; and, since nothing is alleged to bring the case within the exception to the rule, plain- tiffs cannot succeed, unless the county court did not acquire jurisdiction of the cause. Vanfleet on Collateral Attack, secs. 2, 3; *Eaves v. Mullen,* 25 Okla. 679, 107 Pac. 433; *Spade v. Morton,* 28 Okla. 384, 114 Pac. 724; *Steele v. Kelley et al.,* 32 Okla. 547, 122 Pac. 934; *Continental Gin Co. v. DeBord,* 34 Okla. 66, 123 Pac. 159; *Peyton v. Peyton,* 28 Wash. 278, 68 Pac. 757; *Morrill v. Morrill,* 20 Ore. 96, 25 Pac. 362, 11 L. R. A. 155, 23 Am. St. Rep. 95; *Lieberman v. Douglas,* 62 Kan. 784, 64 Pac. 590.

In addition to a prayer for a decree canceling the deeds, plaintiffs prayed judgment for rents covering several years. In defense of said deeds, defendants plead and rely upon the proceedings and judgment of the county court, which plaintiffs attack as void. In the case of *Eaves v. Mullen,* 25 Okla. 679, 107 Pac. 433, this court quotes with approval from the case of *Grignon's Lessees v. Astor et al.,* 2 How. 319, 11 L. Ed. 283, as follows:

"The granting the license to sell is an adjudication upon all the facts necessary to give jurisdiction, and whether they existed

or not is wholly immaterial, if no appeal is taken. The rule is the same whether the law gives an appeal or not; if none is given from the final decree, it is conclusive on all whom it concerns."

So in this case, the petition for sale stated sufficient facts to warrant the court in making the order of sale. It would seem from the record that some injustice might have resulted by reason of irregularities in the proceedings, resulting in the sale of the land in question, which could have been corrected upon an appeal to the proper court, thereby preventing any injustice; but those questions are not now before us. We are called upon to consider solely a question of jurisdiction, and are powerless to consider other questions urged, without violating a plain, sound, and just rule of procedure. A failure to adhere to established rules of procedure, when based upon sound principles and reason, in an attempt to correct injustice in individual cases, would be to weaken and eventually destroy one of the most important means through which justice is distributed to all the people.

The county courts of this state are courts of record, and plaintiffs, having failed to appeal from the order of sale and final judgment in said proceedings, cannot now, after defendants have purchased and paid the purchase price of said land, claim the sale was irregular and void, since we hold the petition for such sale was sufficient to give the court jurisdiction. See 23 Cyc. 1061, and authorities cited in note 50.

We are therefore of the opinion that this is a proceeding seeking to attack collaterally the order of sale made by the county court, and, since the court acquired jurisdiction, the proceedings are not void; and, as these are the only questions before us, the judgment of the trial court must be affirmed.

All the Justices concur, except KANE, C. J., not participating.