**BERRY et al. v. WINSTOCK et al.**

No. 12107—Opinion Filed Sept. 9, 1924.

(Syllabus.)

**1. Judgment—Res Judicata—Proof.**

Where the answer of defendants specifically puts in issue every allegation in plaintiffs' petition, and contains also a plea of res judicata, and the record shows all the pleadings in the former case, and all the pleadings in the latter case, and further shows conclusively that every issue presented in the latter case was presented, considered, and finally adjudicated in the former case, between the same parties, such facts are sufficient to sustain such plea of res judicata.

**2. Same.**

Where it conclusively appears from the record that the plea of res judicata is good and is determinative of the entire case, courts are concluded, by the decisions and by an essential and strong public policy, by the former judgment and will not again retry and redetermine the same matters between the same parties.

**3. Same.**

Record examined, and found to conclusively sustain defendants' plea of res judicata.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by Maggie Berry and others against R. M. Winstock and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Sigler & Jackson, for plaintiffs in error.

Bass & Hardy, for defendants in error.

HARRISON, J. This action, No. 5279 in the district court of Carter county, was begun by the heirs to the allotment of a deceased Mississippi Choctaw Indian, to set aside a guardian's deed made, under an order of the county court of Carter county, by the guardian of said heirs, plaintiffs in error herein, while they were minors. The right of action is based upon the allegation that the guardianship proceedings were void on their face. The specific phase of such proceedings which is here relied upon as making same void on their face is that the land was sold for less than 90 per cent. of its appraised value and therefore void under the statute and under the decisions of this court and of the federal courts.

The material facts antedating this action are that said allottee, John Sockey, died intestate in 1906, and that title to his allotment thereupon descended to his then minor children, Maggie Sockey, Ned Sockey and Rafe Sockey, subject to the dower interest of his surviving wife, under the statutes then in force in the Indian Territory.

Thereafter a guardian was appointed for said minor heirs, Maggie, Ned and Rafe Sockey, and thereafter, upon the application and petition of the guardian, J. Matt Moore, for leave to do so, the land was sold under order of the county court at guardian's sale for the alleged necessary support, maintenance, and education of said minor heirs and a guardian's deed issued thereto to the purchaser.

Thereafter said minors commenced an action, No. 1458, in the district court of Carter county to set aside said guardian's deed and to have the title to said allotment vested in said heirs, for the reason and upon the grounds that the proceedings in the aforesaid guardian's sale were irregular and in violation of law and void on their face.

The specific grounds relied upon for setting aside said deed were clearly alleged in plaintiffs' petition in said cause No. 1458. The defendants in said cause filed an answer putting in issue every allegation in plaintiffs' petition. When said cause No. 1458 came on for trial, the defendants therein moved for judgment on the pleadings, and the trial court sustained said motion and rendered judgment on the pleadings in favor of defendants. Plaintiffs thereupon perfected an appeal from such judgment to this court and in November, 1914, an opinion was rendered by this court in said cause affirming the judgment of the trial court in said cause No. 1458 in the trial court. See Sockey v. Winstock, 43 Okla. 758, 144 Pac. 372.

Four years thereafter, to wit, December, 1918, the same plaintiffs began action, No. 5279, in the district court of Carter county against the same parties, defendants, viz., that said guardianship proceedings were void. The defendants again filed an answer putting in issue all the allegations of plaintiffs' petition, and containing also a plea of res judicata, alleging that the plaintiffs in said former cause, No. 1458, in the district court, were the same persons who are plaintiffs in this cause, No. 5279, in the district court, that the defendants were the same in both cases, and that the same cause of action which we alleged and determined in former cause, No. 1458, is alleged in this action No. 5279, and that the same issues and every issue of both law and fact presented in this cause were presented and finally determined between the same parties

by the trial court in said former cause, No. 1458. and affirmed by this court in Sockey v. Winstock, supra. Defendants attacked all the pleadings in cause No. 1458 to their answer in this cause.

Upon the trial of the issues presented by the pleadings in this cause the plaintiffs introduced evidence, part of which consisted of the record of the proceedings in the county court in the aforesaid guardianship sale of the lands in question, and rested, whereupon defendants demurred to the sufficiency of the evidence, and the court sustained same and rendered judgment in favor of defendants, and from such judgment the plaintiffs have again appealed here.

Plaintiffs in error contend that "the question involved in this case is whether or not a judgment of the district court can divest Indian minors of their lands," citing Winters v. Okla. Portland Cement Co.. 65 Okla. 132, 164 Pac. 965: Bell v. Fitzpatrick, 53 Okla. 574, 156 Pac. 334; Tidal Oil Co. v. Flanagan, 87 Okla. 231, 209 Pac. 729; Armstrong v. Letty, 85 Okla. 205, 209 Pac. 168; Brink v. Canfield, 78 Okla. 189, 187 Pac. 223; Patterson v. Carter, 83 Okla. 70, 200 Pac. 855; and a number of other cases from other jurisdictions, in support of the contention that a district court by its judgment cannot divest Indian minors of their title to lands.

On the other hand, defendants in error insist upon the sustaining of their plea of res judicata, and argue that such question is determinative of the case at bar.

The record in the case at bar conclusively shows that the question of the validity of the guardianship sale was fully considered and adjudicated in the former case, viz., No. 1458, and that the judgment of the trial court in said cause was affirmed by this court in Sockey v. Winstock, supra.

The record also shows all the pleadings in the former case and all the pleadings in the case at bar, and further shows that every issue presented by the pleadings in the present case was presented and adjudicated in the former case, thus showing conclusively that the same subject-matter, the same controversies, the same questions of both law and fact between the same parties and with the same object in view, viz., to set aside the guardian's deed, on the ground that the guardian's sale was void on the face of the county court records, which are presented by the parties to this action, were presented by the same parties and finally determined in the former action. It therefore appears to us that the case at bar is not to be determined by the question "Whether an Indian minor may be divested of title to his land by the judgment of the district court," nor to what extent his title may be affected by the judgment of the district court, because a determination of such question would not dispose of defendants in error's plea of res judicata. This question is in the case, it was presented by the pleadings and made the decisive issue in the trial court, and being presented and relied upon in this court, it halts the exercise of jurisdiction of this court in other matters until such question is disposed of.

It being conclusively shown by the record that every issue involved in this case, every right involved in this case, and every element which goes to make up this case between the parties to this cause were presented and finally determined between the same parties in the former case, it is therefore unnecessary for this court to give expression as to either the correctness or incorrectness of the former judgment. The question presented by the record in this case is whether this court has power under the law to retry and redetermine rights which have already been fully and finally determined between the same parties in a former opinion. Under the law it has no such power. See Cressler v. Brown, 79 Okla. 170, 192 Pac. 417; Dennis v. Kelly, 81 Okla. 155, 197 Pac. 442; Kiniry v. Davis, 82 Okla. 211, 200 Pac. 439; also Hoisington v. Brakey (Kan.) 3 Pac. 353-5; Smith v. Auld (Kan.) 1 Pac. 626-8; Wisconsin v. Tarinus (Minn.) 9 N. W. 725-6; Pepper v. Donnelly (Ky.) 8 S. W. 441-2; 34 Cyc. 1666; 7 Words & Phrases, 6127-30.

In reaching the conclusion to which the law and the record herein force us, we have not overlooked the fact that both in the trial in the former case and on appeal to this court the plaintiffs relied principally upon the contention that the guardianship sale was void because the guardian's petition for sale was insufficient to confer jurisdiction upon the county court. while in the present case the plaintiffs rely mostly upon the contention that such guardian's sale was void because the land in question was sold for less than 90 per cent. of its appraised value. But the record discloses that the same ground, viz., that the land was sold at less than 90 per cent. of its appraised value, was alleged in plaintiffs' petition in the former case and issue joined as to such allegations by the defendants' answer, hence that issue as well as every other issue involved in the present case was determined in the former case.

It is true that in the former case, Sockey v. Winstock, supra, this court held that only

two questions were presented for determination of the case, to wit: (1) Whether the guardian's petition for sale was sufficient to confer jurisdiction upon the county court to make an order of sale; (2) whether the action of plaintiffs in the former case was a collateral attack upon the proceedings in the county court. But this was true, first. because the plaintiffs in error in the former case abandoned and waived the other issues raised by the pleadings and relied upon the insufficiency of the petition as determinative of the entire case; and, second, because the defendants in error contended that the former action was a collateral attack upon the county court proceedings, and therefore, determinative of the entire case. Therefore this court in determining the sufficiency of the petition for guardan's sale was forced to examine the county court records of such petition, and in deciding whether the plaintiffs' action was a collateral attack. was forced to examine the entire record of the guardianship sale in order to determine whether same was in any essential respect void on its face, because, had it been found that such proceedings were void in any essential respect, they would then have been subject to collateral attack, so the holding by this court that such action was a collateral attack was a determination that such proceedings were in no essential respect void on their face; thereby the court determined every issue involved in the former case and thereby determined the specific issue which is presented in this case, viz., that the land was sold for 90 per cent. of its appraised value,—this question having been an issue in the former case.

This being true and there having been no appeal taken from the decision of this court to the Supreme Court of the United States, this court is concluded by law and by decisions based upon an essential public policy from again determining the same matter, hence the defendants' plea of res adjudicata must be sustained.

The question, therefore, is not whether the state courts can deprive an Indian allottee or Indian heir of a federal right, but whether this court can redetermine any right which has already been finally determined and not appealed from. If plaintiffs have been unlawfully deprived of a federal right. then resort may be had to the federal courts, and relief obtained in that forum. but the fact that plaintiffs did not avail themselves of their right to resort to such forum. by appeal or otherwise, does not authorize this court to retry and redetermine matters which have already been finally determined in a former cause.

For the reasons given, the judgment of the trial court is affirmed.

JOHNSON, C. J., and NICHOLSON, BRANSON, WARREN, and GORDON, JJ., concur.