## STATE ex rel. Com'rs of Land Office v. YAHOLA SAND & GRAVEL CO. et al.

No. 15306—Opinion Filed Sept. 8, 1925.

1. **Judgment—Stipulation for Judgment — Incorporation in Decree—Effect.**

In an equitable action involving title to certain sand and gravel royalties, where the court made findings of fact and the parties thereupon entered into a stipulation for judgment which was approved by the court and incorporated in the decree, and where such stipulation is in conformity with the court's findings of facts, such stipulation, ceases to be a mere agreement between the parties, but becomes a decree of the court binding on all parties to the record and those in privity with them until reversed or vacated in some manner authorized by law.

2. **Same—State as Party—Voluntary Intervention—Effect.**

Under the provisions of Comp. Stat. 1921, sec. 9334, the Commissioners of the Land Office are fully authorized, on their relation to the state, to intervene in any action affecting the public lands of the state, and where they act under this authority in an action involving the rights of the state to sand and gravel royalties from the bed of a navigable stream, and a judgment is entered therein by stipulation, the state is bound by such judgment alike with other parties to the record.

(Syllabus by Logsdon C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Muskogee County; O. H. Searcy, Judge.

Motion by James M. Pierce for an accounting and for distribution of certain royalties under a previous judgment and decree. Order of distribution entered, and the State of Oklahoma brings error. Affirmed.

On May 9, 1919, Yahola Sand & Gravel Company commenced an action against James M. Pierce to enjoin him from further prosecuting a certain action which he had filed against that company in the city court of Muskogee, and for the purpose of reforming a certain contract between the parties and for partial cancellation of the same. After issues had been joined by the petition and answer in that case, the state of Oklahoma on the relation of the Commissioners of the Land Office made application and was granted leave to file a plea of intervention. This plea of intervention made an issue between the state of Oklahoma and James M. Pierce as to the title and right to re-

cover certain sand and gravel royalties owing by the Yahola Sand & Gravel Company for sand and gravel taken by it from the bed of the Arkansas river, alleged in the petition of intervention to be a navigable stream. Yahola Sand & Gravel Company admitted its indebtedness and offered to abide by the judgment and decree of the court determining to whom it should pay said royalties. The case was tried to the court February 24, 1922, and after hearing all of the testimony, the court made certain findings of fact whereupon the state of Oklahoma through the Commissioners of the Land Office entered into a stipulation with James M. Pierce for a settlement of the disputed rights to said royalties. This stipulation was approved by the court and incorporated as a part of the decree in the case. No proceeding in error was taken from this judgment and decree and the same became final. Thereafter and on January 26, 1924, on motion of James M. Pierce the court entered an order directing Yahola Sand & Gravel Company to distribute the sand and gravel royalties then accrued to James M. Pierce in con.ormity with the judgment and decree entered in the original action February 24, 1922. From the order so entered the state of Oklahoma has prosecuted this proceeding in error by petition in error with transcript of the record attached.

George E. Merritt, for Commissioners of the Land Office.

James W. Cosgrove and R. M. Mountcastle, for defendants in error.

Opinion by LOGSDON, C. Reliance for reversal of this case is placed on three propositions, which may be stated in substance thus:

"First. That the stipulation of January 24, 1922, was void after November 13, 1922.

"Second. That said stipulation is void because the Commissioners of the Land Office were not authorized to make it.

"Third. That the stipulation was foreign to the issues in the case then be˙ore the court and therefore the court was without jurisdiction to incorporate said stipulation in its decree."

The first proposition is based upon paragraph 4 of the stipulation, which reads as follows:

"It is further agreed ' ' between the state of Oklahoma and the defendant, James M. Pierce, and this stipulation and agreement shall be binding upon the parties hereto insofar as it affects the payments of royalty and rentals hereunder, until the Supreme Court of the United States finally determines the case now pending before it wherein the Brewer-Elliott Oil & Gas Company, a corporation, et al. are the appellants and the United States of America, et al., are the appellees. When said case is finally determined this agreement shall become null and void unless renewed by the parties hereto and each of the parties hereto shall be at liberty at said time to take such further action as their interest may demand and this stipulation and agreement shall in no wise be construed to in any way, nor for any purpose, affect, bind or control, either of said parties in taking any such action as they may desire to take at the termination of this agreement."

It will be observed that it is provided that the agreement "shall become null and void' after a decision is rendered in the case of Brewer-Elliott Oil & Gas Co. v. United States of America et al., then pending in the United States Supreme Court, and which was thereafter decided November 13, 1922, 260 U. S. 77. If paragraph 4 had ended with this declaration the arguments advanced under the first proposition might be very persuasive. However, the language following this declaration of nullity clearly shows that the language of the nullifying clause was not used advisedly nor with rhetorical exactness. The evident intention of this clause, disclosed by the language immediately following it, was that the agreement should be voidable instead of void. because it was subject to renewal. If it were void it could not be renewed. It was further stipulated that either party, when the Brewer-Elliott Case was decided, should be at liberty to "take such further action as their interest may demand," thus evincing a recognized necessity for some action to be taken by one of the parties to change the status quo ante. The clear import and meaning of this language are not predicable of an agreement which had become void.

Under the second proposition, it is urgently insisted that the Legislature has not authorized the Commissioners of the Land Office to enter into any agreement for the compromise and settlement of claims arising from disputes over royalties derived from sand and gravel deposits in the beds of navigable streams. This may be conceded without investigation so far as this proceeding in error is concerned. The power and authority of the Commissioners of the Land Office in such matters are not involved here.

This action was originally commenced by Yahola Sand & Gravel Company against James M. Pierce for an injunction to enjoin

him from further prosecuting an action for sand and gravel royalties, which he had commenced against plaintiff, and for reformation and partial cancellation of a royalty contract between the parties. After issues were joined in that action between plaintiff and defendant, the state of Oklahoma, on the relation of the Commissioners of the Land Office, asked and was permitted to file its plea of intervention by which it claimed all sand and gravel royalties involved by reason of the Arkansas river being a navigable stream, asked for a cancellation of the contract between plaintiff and defendant, and for an accounting. This action by the commissioners was fully authorized by Comp. Stat. 1921, sec. 9334. The state, by its duly authorized officers, having submitted its claims and rights to one of its courts for adjudication, and those rights having been determined by judicial decree, from which no proceeding in error was prosecuted, that decision is binding on the state alike with the other interested parties. That decree being based upon findings of fact made by the court, the stipulation of the parties which was incorporated in the decree amounted only to conclusions of law by the court and, being in conformity to the independent findings of fact made by the court, must be sustained as correct conclusions thereon.

The third proposition urged is to the effect that the stipulation covered matters not germane to the issues then before the court, and that the court was without jurisdiction to incorporate such stipulation in its decree. This was an equitable action. There was no controversy over the amount of royalties owing by plaintiff, the only controverted question being as to whom the same should be paid. The stipulation approved by the court and incorporated in the decree covered this sole contested issue, which was raised by defendant's answer and the state's plea in intervention. That the stipulation was and is germane to this issue and that the court's decree determined this issue cannot admit of dispute on the record presented. Whether that decree would or should be sustained against direct attack by proceedings in error to this court is not here for determination, because no such proceedings were instituted. That decree became final. This instant proceeding is prosecuted from an order entered nearly two years later directing a distribution of royalties in conformity with that final decree. It is a collateral attack and does not come within the exception to the rule against collateral attack approved by this court. Sockey v. Winstock, 43 Okla. 758, 144 Pac. 372; McIntosh v. Holtgrave, 79 Okla. 63, 191 Pac. 739; Wray v. Howard, 79 Okla. 223, 192 Pac. 584.

The order of the district court made and entered on motion on January 26, 1924, should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 890, § 1298. (2) 34 C. J. p. 890, §1298; 32 Cyc p. 1089 (Anno).