## SOUTHWESTERN NATURAL GAS CO. v. VERNOR, Dist. Judge.

No. 27488. Dec. 8, 1936.

Underwood, Canterbury, Pinson & Lupardus, for petitioner.

Benjamin B. Wheeler, for respondent.

RILEY, J. This is an original proceeding brought in this court by petitioner, Southwestern Natural Gas Company, wherein it seeks an order, under the supervisory powers of this court, directing respondent, Enloe Vernor, as judge of the district court of Muskogee county, to permit petitioner to proceed to trial in three certain actions heretofore commenced in said court by petitioner as plaintiff against George W. Sterling.

A rule to show cause was entered. Response has been filed.

Epitomized the facts are:

On and prior to 1930, petitioner was a public utility company engaged in the business of transporting natural gas by pipe line. As such it was authorized to exercise the power of eminent domain. It laid a pipe line in and through Muskogee county. The pipe line was laid diagonally across a 20-acre tract of land owned by George W. Sterling.

Sterling refused permission for entry and construction upon his land. Without his knowledge or consent petitioner entered upon the Sterling premises and laid thereon the pipe line. Likewise it erected a telephone line along and near the pipe line.

Thereafter the company commenced condemnation proceedings. Whether the right of plaintiff to construct the telephone line was included in the proceedings does not appear. Sterling appeared and filed in the company's proceedings an answer and cross-petition. Therein Sterling alleged an unlawful entry and trespass in and upon his premises; he sought damages on account thereof in the sum of $1,500, and possession of the strip of land held by the gas company. He sought an injunction against the gas company enjoining it from interfering with him in the use and occupancy of his land. Sterling filed what was termed, "Objection to Appointment of Commissioners." Therein, among other things, he objected to the appointment of commissioners to assess his damages (1) because the builders of said pipe line and telephone line were mere trespassers, and they were liable in damages, and an action to recover damages was then pending; (2) because under section 24, art. 2, of the Constitution of Oklahoma, and under the provisions of the Constitution of the United States, condemnation proceedings cannot be legally had at the instance of the aggressor after private land has been taken and used against the will of the owner; (3) because the Southwestern Gas Company did not then own and operate said lines, but same were owned and operated by the Oklahoma Natural Gas Company, and said plaintiff was no longer interested in the right of way; and (4) because he had been informed, and upon such information believed, that the Southwest Gas Company was insolvent and was not then engaged in the transportation of gas.

For some reason, not explained, the determination of said matters was delayed until February 6, 1935, at which time the contentions made by Sterling were overruled and an order was entered by Hon. E. A. Summers, one of the judges of the district court, appointing commissioners to view the premises and assess the damage.

On February 19, 1935, the commissioners filed their report, assessing damages in the sum of $2,000.

The Southwestern Gas Company in due time filed their demand in writing for a jury trial as to the amount of damages.

The gas company did not pay said sum to Sterling or into court, whereupon on April 13, 1935, Hon. O. H. P. Brewer, another judge of said court, upon motion of defendant Sterling, entered an order wherein "It is ordered and adjudged that the plaintiff S. W. Nat. Gas Co. be and it is hereby adjudged and ordered to pay to the defendant the sum of two thousand ($2,000) dollars, said payment to be made by said plaintiff within twenty (20) days from this date, to which the plaintiff excepts."

The plaintiff company declined to pay said sum, but insisted upon its right to a jury trial.

No jury trial was ever had, and said matters appear to be now pending as cause No. 22819 in the district court of Muskogee county.

In the meantime, as contended and asserted by petitioner herein, and during June, July, and August, 1935, George W. Sterling, defendant in said cause No. 22819, willfully and maliciously destroyed the telephone line, to the damage of the Southwestern Natural Gas Company in the sum of $52.72; in September, 1935, while the Southwestern Natural Gas Company was engaged in the removal of certain pipe lines which it had theretofore utilized, from lands other than that owned by Sterling, but near same, Sterling wrongfully obtained a restraining order in case 22819, restraining the Southwestern Natural Gas Company from taking up or removing any of its gas pipe lines in Muskogee county. Upon hearing for an injunction, relief was denied and the restraining order expired. On or about September 10, 1935, the Southwestern Natural Gas Company, desiring to remove its line from Sterling's premises and establish same elsewhere, employed contractors, but when the crew of the contractor so employed approached the land of Sterling, he, by force, prevented the crew from coming upon his premises, and then asserted, and has ever since asserted, control, ownership, and possession of the pipe line under his land, all to the damage of the pipe line company in the sum of $472.80.

Thereafter, on June 3, 1936, the Southwestern Natural Gas Company, petitioner herein, filed the three separate actions for

damages against said George W. Sterling which are here involved. One action was based upon the alleged wrongful destruction of the telephone line. One was based upon the alleged wrongful procurement of the restraining order, and one was based upon the alleged wrongful act of Sterling in refusing to permit the removal of the pipe line from his premises, and assertion of ownership thereof as by conversion. In two of the actions the corporate plaintiff prayed for actual and exemplary damages, and in the other it prayed for actual damages and attorney's fee.

In each case Sterling filed a motion to strike the petition and dismiss the case for failure of the plaintiff therein, plaintiff in the condemnation case, to comply with the order of Judge Brewer and pay to Sterling the sum of $2,000.

On September 25, 1936, these motions came on for hearing before Hon. Enloe Vernor, judge of the district court of Muskogee county, respondent herein, plaintiff and defendant appearing by their attorneys, and the orders now presented at bar were entered, whereby the three actions heretofore described were dismissed.

These orders, after reciting the introduction in evidence of the principal orders in the condemnation case, including the order by Judge Brewer dated April 13, 1935, provide:

"And it was admitted in open court by the attorney for plaintiff that the plaintiff had not paid the $2,000 which the court, on April 13, 1935, ordered plaintiff to pay to defendant, in said cause number 22816 in this court, within twenty days from said date, and that plaintiff has not yet paid the same.

"And the court, having considered the evidence and listened to the argument of counsel and being fully advised, finds that defendant's motion is well taken and should be sustained, that plaintiff is guilty of contempt of this court by failing to obey said order of this court of April 13, 1935, in cause number 22816, ordering said plaintiff to pay said defendant the sum of $2,000 within twenty days from this date, and is therefore not entitled to any privileges in this court until it purges itself of said contempt by complying with said order.

"It is therefore ordered, adjudged, and decreed by the court that plaintiff's petition in this cause be and the same is hereby stricken from the files of this court and that this cause be and the same is hereby dismissed; to all of which plaintiff excepts."

Motion to set aside said order of dismissal was filed in each case, and these motions were pending when this original action was instituted.

Petitioner contends that the orders of dismissal must in effect be that the actions are dismissed without prejudice, because there is no statement in the orders that the cases are dismissed with prejudice. It asserts that the only statute authorizing the dismissal of an action without prejudice is section 418, O. S. 1931. It contends that only under the 5th subdivision thereof is there a provision for the dismissal of an action for failure of plaintiff to comply with an order of the court, and that the order therein referred to must be an order "concerning the proceedings in the case."

Section 418, supra, provides:

"An action may be dismissed, without prejudice to a future action: * * *

"Fifth. By the court for disobedience by the plaintiff of an order concerning the proceedings in the action."

All these contentions may or may not be correct, but if petitioner is correct thus far, it does not necessarily follow that it is entitled to the writ here prayed.

Petitioner further contends that, inasmuch as the cases are dismissed without prejudice, they are not settled upon the merits, and plaintiff may refile at any time within one year, and petitioner asserts: "This, surely, cannot be a final order or appealable."

It is largely upon this theory that petitioner relies for its right to a writ directing the lower court to proceed with the trial of said cause, since it concedes that, as a general proposition, "Prohibition or mandamus from the Supreme Court to the district court will not lie when there is an adequate remedy at law."

If the orders complained of were such that appeal therefrom would lie, it is apparent that petitioner has a remedy at law, viz., appeal.

Section 528, O. S. 1931, a part of the chapter on Appeal and Error, provides that the Supreme Court may reverse, vacate, or modify any final order of the county, superior or district court, or a judge thereof.

Section 529, O. S. 1931, defining a "final order," includes "an order affecting a substantial right in an action when such order in effect determines the action and prevents a judgment." All such orders are appealable. An order dismissing an action certainly is one which, as applied to that particular action, has the effect of determining such action and preventing a judgment. While it is true the action of dismissal may not finally determine the controversy between the parties, for dismissal of an action otherwise than upon the merits ordinarily permits a

new action to be commenced within one year, nevertheless dismissal terminates the particular action. An order of dismissal is a final and appealable judgment.

In Avery v. Jayhawker Gasoline Co., 101 Okla. 286, 225 P. 544, it is held:

"An order dismissing a cause is a final order, and an order overruling a motion to vacate such dismissal is a final order, from which a proceeding in error may be prosecuted in this court."

See, also, Brooks v. J. R. Watkins Medical Co., 81 Okla. 82, 196 P. 956; Wells v. Shriver, 81 Okla. 108, 197 P. 460.

The orders complained of, as well as any order that may be made overruling the motions to vacate same, are appealable, and petitioner has its remedy at law.

Petitioner contends that if it be held that the orders are final and appealable, the remedy is not adequate. State v. Pitchford, 43 Okla. 105, 141 P. 433, and similar cases are cited. But these cases are not applicable for the reason that they involve special proceedings going to the disqualification of a trial judge, and are governed by the provisions of section 2915, O. S. 1931, specifically providing for mandamus proceedings.

In Halliburton v. Williams, 166 Okla. 248, 27 P. (2d) 360, a case wherein a writ of prohibition was sought, it is held:

"Where the remedy of appeal is available to a litigant, such remedy will not be declared inadequate, merely because inconvenience, expense, or delay will be occasioned by such appeal."

See State ex rel. v. District Court of Marshall County, 46 Okla. 654, 149 P. 240.

A writ will issue directing a district court to assume jurisdiction and try a case within its jurisdiction. Higgins v. Brown, 20 Okla. 355, 94 P. 703. But such is not the case here.

Respondent contends that the orders of dismissal are justified and should be permitted to stand. At the same time he insists the orders are final and appealable, thus giving petitioner his remedy at law. We have sustained the latter contention, and must decline to consider, in this proceeding, the question of whether said orders were justifiable and should be permitted to stand; that would be to decide the very question which we hold should be presented by appeal. We decline to prejudge the question.

Respondent asserts that as district judge, and with no personal interest, he entered orders as the only effective way to require petitioner, plaintiff in the condemnation proceeding, to respect the dignity and authority of the court, and to compel it to pay to defendant in that case the amount of the award fixed by the commissioners in the proceeding instituted by petitioner, whereby it used the process of the court in the matter wherein was involved the acquisition of right of way for its pipe line across Sterling's land.

As to the order brought to our attention, suffice it to say those appropriate should be made in condemnation and other cases. A motion to strike the demand for jury trial and enter final judgment upon the report of the commissioners for failure to comply with the order to pay condemnation money into court might have been filed as a means of testing the power of the court to enforce its order.

We make this suggestion solely because we do not wish to be understood as in any way approving the conduct of petitioner after failure of amicable settlement and without complying with the law in going upon the land of Sterling for any purpose without his knowledge and against his consent.

Petitioner knew its right to commence condemnation proceedings before taking possession of land. It knew it had no lawful right to go upon and take possession of the land without the consent and against the will of the owner. In such a case the courts are not without power to give redress to a landowner.

However, inasmuch as the petitioner possesses an adequate remedy at law whereby it may test the validity of the order of dismissal, the rule heretofore issued is revoked and the peremptory writ sought is denied.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH, PHELPS, and CORN, JJ., concur. GIBSON, J., disqualified.