**Raymond Mark COOPER and Gail Denise Cooper, individually and as husband and wife, Appellants,**

v.

**Juston BONDONI, Michael E. Johnson, David R. Hollifield, and Derrick Eaton, Appellees,**

**and**

**Tracy Lynn McGaha, Defendant.**

**No. 73,978.**

Court of Appeals of Oklahoma, Division No. 2.

Feb. 11, 1992.

Rehearings Denied March 9, 1992.

Certiorari Denied Nov. 17, 1992.

James F. Howell, Allen B. Massie, Midwest City, for appellants.

Robert A. Manchester, III, J. Michael Flanery, Oklahoma City, for appellee David R. Hollifield.

Earl D. Mills, Bill M. Roberts, Mills, Whitten, Mills, Mills & Hinkle, Oklahoma City, for appellee Michael E. Johnson.

David D. Wilson, Angela Ailles, Oklahoma City, for appellee Juston Bondoni.

Chris Harper, Oklahoma City, for appellee Derrick Eaton.

BRIGHTMIRE, Judge.

The issue in this motorcycle-auto head-on collision case is whether the alleged conduct of the four defending teenage automobile passengers—encouraging and urging their teenage driver to pass a forward vehicle in a no-passing zone—provides a legal foundation for an actionable injury claim against them by the driver of the oncoming motorcycle. Or to state the issue in more fundamental terms: Was such conduct on the part of the passengers a breach of a duty they owed to the motorcyclist which contributed to the cause of the latter's injuries?

The trial court concluded it was not and sustained motions to dismiss filed by each of the passengers and entered judgment in their favor.

The plaintiffs—the motorcyclist and his wife—appeal.

We reverse.

## I

The record and pleadings establish the following facts and allegations. At about one o'clock on the morning of July 4, 1988, the twenty-four-year-old plaintiff, Raymond Cooper, was riding his motorcycle north on a hilly stretch of Harrah Road, near Harrah, Oklahoma. At the same time and place a southbound automobile driven by the sixteen-year-old defendant, Tracy Lynn McGaha, moved into the northbound lane in an attempt to pass a slower-moving vehicle on a hill at a point marked as a no-passing zone. While on the wrong side of the road, McGaha's vehicle crashed head-on into Cooper's motorcycle. Cooper survived but sustained serious personal injuries and considerable property damage.[1]

It was not long before the tragic event that the defendants had left defendant Johnson's house and were on their way "to pick up some girls to go swimming." Defendants Juston Bondoni, Michael Johnson, David Hollifield, and Derrick Eaton, all age sixteen, were passengers in the McGaha vehicle at the time of the accident. They had all been drinking alcoholic beverages that night and according to driver McGaha, the passengers were "all yelling and screaming and talking loud."[2] It was under these circumstances that McGaha came upon a slower-moving pickup truck. Each of the passengers became "irritated because they were riding so slow" and, according to McGaha, "everybody" encouraged and urged him to violate the law and pass the pickup on a hill clearly marked as a no-passing zone. Feeling "some peer pressure," McGaha yielded and attempted to pass the truck, which, of course, resulted in the tragedy.

In their third amended petition, the plaintiffs allege that the four defendant passengers "simultaneously urged" McGaha to pass on a hill in a no-passing zone and that

---

1. Plaintiff Cooper's third amended petition alleges that he sustained "injuries to his brain, which are permanent and disabling.... [His] left arm was completely cut off, and his left leg ... is not useable and probably will not be in the future [and he sustained] various other injuries, including tearing of cartilages, ligaments, tendons, tissues, brain damage and impairment of the cognitive processes of thinking of the mind." The Coopers seek both compensatory and punitive damages.

2. The allegation is uncontroverted that defendant McGaha was driving with a blood alcohol concentration level of .09 and that such level raises a presumption and constitutes relevant evidence that the driver-testee's ability to operate a motor vehicle was impaired by alcohol. *See* 47 O.S.Supp.1990 § 756(b).

by their actions the passengers "aided and abetted, encouraged, procured, promoted and instigated the negligent acts" of the driver, *i.e.*, a failure to yield the right-of-way to an oncoming motorist.

Although their twenty-nine page petition tends to ramble and randomly combine factual allegations with legal conclusions, the plaintiffs' alternate theories of recovery against the passengers in the McGaha vehicle, inaccurately characterized as causes of action, may be summarized as follows: (1) A special relationship existed between the driver and the passengers, *i.e.*, principal-agent or master-servant, so that the driver's negligence may be imputed to the passengers and the passengers may be held vicariously liable for the damage caused by the driver's negligent acts; (2) the driver and his passengers entered into a conspiracy to actually control McGaha and the operation of his vehicle; (3) the driver and his passengers had an express or implied agreement to delegate joint control of the automobile to all occupants of the car; (4) the passengers breached a duty to the plaintiff to maintain a proper lookout; and (5) the passengers were impaired and under the influence of alcohol and gave alcoholic beverages to the driver knowing that he was noticeably intoxicated.[3]

On September 1, 1989, the trial court sustained the defendant passengers' motions to dismiss the plaintiffs' third amended petition and entered judgment in their favor.[4] From this adverse ruling the plaintiffs timely appealed.

## II

■ We first address the defendant passengers' contention that the plaintiffs are estopped from asserting, on appeal, any theories of liability previously deemed insufficient to constitute a cause of action, *i.e.*, agency, vicarious liability, conspiracy, and passenger negligence.

The argument is that since the plaintiffs' third amended petition contained only one new allegation which pertained to assault and battery and such theory had been "dismissed" by the plaintiff in the third amended petition, then, goes the argument, the order of July 28, 1989, dismissing the second amended petition became a final appealable order from which no appeal was timely commenced. In other words, the defendants conclude that removal of such theory of recovery (assault and battery) from the third amended petition operated to bar further assertion of the theories of recovery the trial court held insufficient in the second amended petition, citing *Southwestern Natural Gas Co. v. Vernor*, 178 Okl. 344, 62 P.2d 1262 (1936); *Sanford v. Street*, 178 Okl. 172, 62 P.2d 479 (1936); *Berry v. Winstock*, 102 Okl. 187, 228 P. 948 (1924).

The contention is without merit for two reasons. First of all, in its present form, 12 O.S.Supp.1990 § 2012(G) specifically allows the pleader to amend his pleading even though a motion to dismiss has been sustained. If the trial court sustains a motion to dismiss a petition, and the defect can be remedied, the ruling is not a final one. *Kelly v. Abbott*, 781 P.2d 1188 (Okl. 1989). Or to put it differently, the granting of the initial motion to dismiss is an interlocutory ruling and therefore does not have the effect of a final judgment, but may later justify the rendition of a final judgment upon the motion of the adverse party if subject pleading is not amended within the time set by the trial court. *Id.* at 1191. It is only when the plaintiff fails to amend within the prescribed time that

---

3. The plaintiffs also sought damages for the intentional tort of assault and battery. This theory of recovery was abandoned by the plaintiffs on August 23, 1989, when they "dismissed" their last five "causes of action," numbers seven through eleven.

4. On October 31, 1989, the plaintiffs dismissed with prejudice their lawsuit as to Tracy McGaha and Jimmy McGaha. Jimmy McGaha is the father of Tracy McGaha and is the owner of the

vehicle that young Tracy was driving at the time of the accident. The initial petition alleges that Jimmy negligently entrusted the vehicle to his son with knowledge of his bad driving record and that Tracy was driving under the influence of intoxicating liquor. The plaintiffs sought recovery under both the automobile and homeowner policies. In subsequent amendments to the petition Jimmy McGaha was not mentioned or named as a defendant.

the action is to be dismissed with prejudice. *See* Committee Comment to Section 2012, 12 O.S.Supp.1990 § 2012(G).[5]

The trial court's order of July 28, 1989, expressly provided that "the plaintiffs are granted ten (10) days in which to file a Third Amended Petition." This they did on August 4, 1989. This judicial act is authorized by § 2012(G). Since the amendment was sanctioned by the trial court it follows that the court determined that the perceived defect in the petition was curable, and therefore the July 28 dismissal order cannot be considered a final appealable dismissal of the action. *Frazier v. Bryan Memorial Hosp. Auth.*, 775 P.2d 281 (Okl. 1989).

And so, consonant with the foregoing law, it is important to note that no judgment was rendered until September 1, 1989, at which time the trial judge not only again sustained the defendant passengers' motions to dismiss but finally granted them a "judgment" of dismissal against the plaintiffs.

The second reason the defendant passengers' estoppel theory is without merit is that their assertion that the third amended petition contains no new allegations except for those of assault and battery is at war with the record. To each of "causes of action" numbers three through six the plaintiffs added the following *new* matter:

"The defendant passengers aided and abetted, encouraged, procured, promoted and instigated the negligent acts of Tracy McGaha, which acts operated concurrently to proximately cause the accident and injuries to plaintiff."

These allegations are not only new matter but, as we shall see, constitute the keystone of what this court concludes is an actionable claim.

5. Even under the former rules the sustention of a demurrer to a petition was not an appealable order. There had to be the rendition of judgment or an order dismissing the action. *See Merchants Delivery Serv. v. Joe Esco Tire Co.*, 497 P.2d 766 (Okl.1972).

6. Restatement (Second) of Torts § 876 (1979) reads:

## III

We turn now to the issue of whether the plaintiffs' third amended petition states an actionable claim against the defendant passengers.

In our opinion it does.

The law imposes a duty on "[e]very person ... to abstain from injuring the person or property of another, or infringing upon any of his rights." 76 O.S.1981 § 1. And, "[e]veryone is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person." 76 O.S.1981 § 5(a). In terms of duty these statutes impose on every person a duty to abstain from willful or careless conduct which can cause or contribute to the injury of another. And "[a]ny person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages." 23 O.S.1981 § 3.

The pertinent general rule to which our high court is committed, along with other jurisdictions across the country, is as follows:

"One who commands, directs, advises, encourages, procures, instigates, promotes, controls, aids, or abets a wrongful act by another has been regarded as being as responsible as the one who commits the act so as to impose liability upon the former to the same extent as if he had performed the act himself."

*Keel v. Hainline*, 331 P.2d 397, 401 (Okl. 1958). *See also Kuhn v. Bader*, 89 Ohio App. 203, 101 N.E.2d 322 (1951); *Francis v. Kane*, 246 S.W.2d 279 (Tex.Civ.App. 1951).

The Restatement (Second) of Torts § 876[6] also recognizes that a person may

"For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he

(a) does a tortious act in concert with the other or pursuant to a common design with him, or

(b) knows that the other's conduct constitutes a breach of duty and gives substantial

be subject to liability for the resulting harm to a third person caused by the tortious conduct of another, when the non-acting person knows that the tortfeasor's conduct constitutes a breach of duty and he aids its commission by giving substantial assistance or encouragement to the tortfeasor.[7] Here, the plaintiffs allege that the passengers by "simultaneously urging" McGaha to pass another vehicle on a hill in a no-passing zone, and by "[o]btaining beer and alcoholic beverages and giving them to Tracy McGaha" substantially assisted or encouraged the alleged willful, tortious, indeed criminal malfeasance in question.

Assuming such evidence is disputed, a jury could find that the defendant passengers vigorously encouraged and insisted that McGaha immediately pass the slower-moving vehicle notwithstanding the fact that at the time they were traveling up a hill in a no-passing zone. And with regard to the passengers' willful and reckless disregard of the plaintiffs' rights, the matter of whether they gave alcohol to McGaha, when they knew or should have known that the alcohol would contribute to his intoxication and further impair his ability or desire to drive in a lawful manner, is an issue of fact for the jury to decide. *See Aebischer v. Reidt,* 74 Or.App. 692, 704 P.2d 531 (1985); *Price v. Halstead,* 177 W.Va. 592, 355 S.E.2d 380 (1987).

In view of the foregoing it is unnecessary to discuss the plaintiffs' other pleaded theories.

## IV

The judgment appealed is reversed and the cause is remanded for further proceedings.

BACON, C.J. (sitting by designation), concurs, and RAPP, P.J., dissents.

RAPP, Presiding Judge, dissenting

The simple issue here presented is the correctness of the trial court's decision in its ruling on the defendants' motion to dismiss. The defendants' "brief in chief" at page three states the essence of the matter here appealed. There were, after the plaintiffs' voluntary dismissal of the alleged assault and battery, no new allegations in the plaintiffs' third amended petition. The third amended petition followed two earlier petitions voluntarily dismissed by the plaintiffs as failing to state causes of action against the defendants. Thus, the trial court had no choice but to sustain the defendants' motion, particularly in light of the plaintiffs' prior dismissals. While the matter here presented is tragic I do not see how we may breathe life into a matter not properly presented to the trial court.

I would affirm the trial court.

assistance or encouragement to the other so to conduct himself, or
    (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person."

7. *See also Carney v. De Wees,* 136 Conn. 256, 70 A.2d 142 (1949), where the court applied the general rule to hold both drivers of two racing vehicles liable for the death of a passenger in one vehicle that turned over; and *American*

*Family Mutual Ins. Co. v. Grim,* 201 Kan. 340, 440 P.2d 621 (1968), in which a thirteen-year-old boy was one of four boys who entered a church at night to procure some "Cokes." Two of the boys lit paper torches for illumination and caused a damaging fire. The thirteen-year-old defendant, who had nothing to do with the torches and was not present in the area of the church where the fire started, was held liable in tort for the fire damage because he was engaged in a common purpose.